Powers v. Clarkson.

## D. B. POWERS v. W. M. CLARKSON.

1. TRESPASS UPON LANDS; *Locus in Quo; Plaintiff's Interest.* Where a plaintiff sues for trespass upon a tract of 800 acres, and upon the trial shows a right to recover only for the damages to 480 acres thereof, he must show the damages done to this specific 480 acres.

2. FINDINGS OF FACT; *Evidence; Error.* When the testimony shows that two-thirds of an entire 800-acre tract of land was of a certain quality and received a certain amount of damage, and that the other third was of inferior quality and received less damage, and there is no testimony tend-

ing to·show whether this inferior land is wholly or partly within the specific 480 acres to which plaintiff shows title, it is error for the district court to infer that two-thirds of this 480 acres is of the better quality; and a finding to that effect will be set aside.

### Error from Saline District Court.

ACTION by *Clarkson* to recover damages committed upon his lands by cattle belonging to *Powers.* The cause was tried at the July Term 1872, and judgment given in favor of the plaintiff. *Powers* brings the case here on error. The opinion contains a full statement of the case.

*J. G. Spivey,* for plaintiff in error:

There is no distinct evidence as to the value of the grass on the specific land for which the plaintiff below held a contract of purchase, or of the grass on the land claimed to be owned by his wife.

*J. G. Mohler,* for defendant in error, filed an elaborate brief, but wholly upon questions other than those determined by the court.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought suit in the district court, claiming damages for grass growing upon his land which had been eaten up, tramped down and destroyed by a herd of Texas cattle belonging to defendant, now plaintiff in error. The case was tried by the court without a jury, and special findings of fact made. Upon those findings a judgment was entered in favor of the defendant in error for $296, and of this judgment plaintiff in error now complains and seeks its reversal. The land upon which this trespass was committed amounted to 800 acres. The first finding is, that the plaintiff was in possession of 480 acres, describing them, and plaintiff's wife of the remaining 320. The second and third findings are, that defendant's cattle were herded on the land; that defendant was requested to remove them, and promised to do so, but did not, and instead thereof attempted to purchase

the land and failed. The testimony showed that he tried to purchase of the railroad company, but failed because the company had already sold it. The fourth finding is, "that of said land there was 320 acres of mowing land and grass worth eighty cents per acre, and 160 acres of grazing, worth twenty-five cents per acre." The fifth finding is, that all the grass upon said 480 acres was destroyed by defendant's cattle, and the sixth, that the amount of plaintiff's damage was $296. This last finding is simply a deduction from those preceding, and is more properly a conclusion of law than a finding of fact. It is perhaps uncertain whether the term "said land" as used in the fourth finding refers to the whole 800 acres described in the petition, or to the 480 found to have been in the possession of the plaintiff. In either case the judgment will have to be reversed. If it refers to the 800 acres, the findings do not support the judgment. If to the 480, the testimony does not support the findings. If it refers to the 800 acres, then the 320 acres of mowing land may have been the land in the possession of Mrs. Clarkson, for which she alone could maintain an action, and the plaintiff been injured only in the 160 acres of grazing land, the damage to which the finding shows was only forty dollars. If on the other hand, the reference in this finding is to the 480 acres found to be in the possession of the plaintiff, then we search the record in vain for testimony to support this finding. The testimony shows that all the grass on the 800 acres was destroyed; it also shows, as does the finding, that a portion of this land had on it grass suitable for mowing which was worth a great deal more than that only fit for grazing; but there is nothing in the testimony which in any way indicates upon whose land was the grazing and upon whose the mowing grass. We quote all the testimony upon this point. The plaintiff says: "I should think there were five hundred acres of meadow land. The balance of the land consists of gentle sloping land, with fine grazing grass upon it;" and in another place, speaking of the grazing land—"of this sort of ground there was probably about one-third of the eight hundred acres." H. C. Harrington, a

witness for plaintiff, testifies in reference to the entire body of land: "There was about two-thirds of it mowing land." The district court evidently took the proportion as testified to by the witnesses in reference to the 800 and applied it to the 480 acres; but this is manifestly improper. For the interest of the plaintiff is not a proportionate interest in the 800 acres, but a full interest in a specific 480 acres, while none of the testimony refers to this specific 480 acres. The testimony as to the quality of the land and grass must run parallel with that as to the plaintiff's interest. If his interest is a proportionate interest in the entire tract then the testimony may be to the different proportion of mowing and grazing land in that entire tract; but when his interest is only in a specified portion of that land, the proportion of mowing and grazing land in that specified portion must be shown. A proportion that is true as to a large body of land may not be true of a small fraction thereof. Two-thirds of 800 acres may be mowing land, and yet 200 acres of that tract have not a single foot of mowing land. For these reasons the judgment of the district court will be reversed, and the case remanded for another trial.

All the Justices concurring.