JOHN F. HOUSER, *et al.,* v. D. J. S. PEARCE.

MEASURE OF DAMAGES; *Breach of Contract; Instructions.* In an action to recover damages for the breach of a contract to harvest oats, where the petition alleges that by reason of such breach the oats were entirely lost and destroyed, and where none of the evidence is preserved, this court cannot say that there was any error in refusing to instruct the jury that the measure of damages was the difference between the contract price and what it would have cost to have had the work done by others, and in instructing them that if the plaintiff took all reasonable precaution and still lost the oats through the defendants' failure to perform their contract, he might recover the value of the oats lost.

*Error from Crawford District Court.*

ACTION by *Pearce* against *Houser* and another, to recover damages for an alleged breach of contract. Verdict and judgment for plaintiff, at the September Term 1873 of the district court, and the defendants bring the case here. The opinion, *infra*, contains a sufficient statement of the facts and proceedings.

*John T. Voss,* for plaintiffs in error:

The petition simply calls for simple damages, without setting out any special damages whatever. Now we contend that under this pleading, (and we asked the court to so instruct the jury,) that all the plaintiff below could possibly recover would be, the difference between the contract price for cutting the grain and what it would cost to employ other and necessary means to do the work. This is the true measure of damages under the pleadings, and no other damages ought to be allowed. (4 Kas., 476; also, 397.) It nowhere appears by the allegations of the petition, that the parties to the contract, at the time thereof, had in view the entire value of the oat crop; yet the trial court absolutely instructed the jury that the measure of damages was the full value of the oat crop, less the expense of cutting. (See 5 Kas., 118; 14 Ohio St., 100.) The court will presume, in the absence of a showing to the contrary, that all the proof and instructions were given to sustain the material allegations of a pleading, but nothing more.

The court squarely told the jury that the defendants agreed to pay plaintiff for his oat crop unless they harvested it. This is not what plaintiff tells us in his petition. We asked the court to tell the jury that if defendants had made a contract and failed to perform it, the immediate and proximate damages resulting therefrom would be the proper damages; but the court refused to do this; and for such error we ask a reversal of the judgment.

The opinion of the court was delivered by

BREWER, J.: Defendant in error recovered a judgment in the district court of Crawford county for damages for breach of a contract to cut, bind and stack certain oats. This judgment plaintiffs in error now seek to reverse. The testimony is not preserved, and but a single question is presented, and that upon the refusal of an instruction as to the measure of damages. Plaintiffs in error asked the court to charge that the measure of damages was the difference between the contract price and what it would have cost to have gotten the same work done by other parties. This the court refused, and charged that the plaintiff was entitled to recover such damages as he actually sustained by reason of the failure, provided he did what he could to protect himself from loss — that if he, relying upon the contract with the defendant, made no other provision for cutting the grain, and did not become aware that defendants would fail in their contract until it became so late that he could not get these oats harvested by others until they were ripened and destroyed, he was entitled to recover the value of the oats so lost and destroyed, as they stood in the field. While the instruction refused states what perhaps would be the ordinary rule for the measure of damages, still we think that given states the rule as applicable to some cases. If the plaintiff after using all reasonable precautions lost his crop by reason solely of the failure of defendants to perform their contract, he was clearly entitled to recover the amount of such loss; and to that extent the instruction goes, and no further. We must presume that the evidence, it not being before us, warranted the instruction. The petition clearly does, for it alleges specifically that by reason of the breach the oats were entirely destroyed and lost to the plaintiff.

The judgment will be affirmed.

All the Justices concurring.