## A. SHUSTER v. THOMAS FINAN, JR.

JURISDICTION; *Appearance; Amicable Action.* In an attachment proceeding before a justice of the peace, F. interposed a claim for the attached property. A jury was demanded, and trial commenced; but before any verdict was returned, the parties, by written consent, stipulated that the jury might be discharged, no further proceedings had before the justice, and the matter certified to the district court for trial. The papers and records were transmitted to the district court, the parties appeared, a jury was impanneled, and thereupon S., the attaching party, objected that the district court had no jurisdiction. *Held*, That as the parties voluntarily appeared and submitted themselves to its jurisdiction, as no objection was made to the form of the proceedings, and as the question of the title to personal property is within the scope of its jurisdiction, the district court committed no error in overruling the objection.

*Error from Harvey District Court.*

AT the March Term 1876 of the district court, *Finan* had judgment, and *Shuster* brings the case here. All necessary facts are stated in the opinion.

*C. S. Bowman,* for plaintiff in error.
*Ady & Reid,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In an action before a justice of the peace certain property was attached as the property of the defendant therein. The defendant in error interposed in that action, under and by virtue of ch. 164 of the laws of 1872, as a claimant of the property attached. A jury was demanded to try this claim. After the trial had been progressing for three days, and before its close, the following proceedings were had and entered upon the docket of said justice, to-wit:

"Now comes the claimant in person, and by his attorneys Ady & Reid, and the attachment-creditor in person and by his attorneys C. S. Bowman, A. L. Green and C. C. Nichols, and consent that the cause proceed no further in this court, and that the jury be discharged from further consideration of this cause, and this action be certified to the district court of this county, there to be tried. All costs of this suit to follow the result of the action.

"ADY & REID, for Claimant.
"C. S. BOWMAN, C. C. NICHOLS, A. L. GREEN,
"Attorneys for Defendant.

"The above request is hereby granted by this court, and the jury is discharged; and the court adjourns this 20th of July 1875. A. MARKWELL, Justice of the Peace."

Thereupon the jury were discharged without returning any verdict; and the justice of the peace, without rendering any judgment in said action, and without any appeal being taken by either party, except as by the agreement above set forth, transcribed the proceedings had in his court, and transmitted the same together with all of the files and papers in said action to the clerk of the district court of said Harvey county. When the case was called for trial in the district court, and after the impanneling of a jury, the plaintiff in error, the attaching-creditor, (and defendant as against the claimant in these proceedings,) objected that the district court had no jurisdiction. This objection was overruled, and judgment rendered, after trial before a jury, in favor of claimant.

The creditor now brings the matter here, and alleges as sole ground of error that the district court had no jurisdiction. He claims that this by the statute was a special proceeding authorized to be had only before a justice of the peace; that the act vests no original or appellate jurisdiction in the district court; that no judgment or order was made in the justice's court, and no appeal taken in the manner provided for appeals from justices courts, and that as it does not appear that either party claimed in his bill of particulars a sum exceeding twenty dollars, and a jury trial was had, no appeal could be taken even by consent. We think the objection not well taken. It may be conceded for the purposes of this case, that this is a special statutory proceeding, designed principally for the protection of the officer; that it can be commenced only before a justice of the peace; that it is not conclusive upon the rights of the parties; (*Armstrong v. Harvey*, 11 Ohio St. 527;) and that no provision is made for appeal; and still we think the jurisdiction of the district court must be sustained. It was a trial of the right of property, a matter which could by suit be tried in the district court. True, the proper method to bring this question before that court was by an action of replevin, but still the subject-matter was one of which that court could take cognizance. No objection was made to the form of the proceeding. The paper filed by the claimant, though not a technical petition in replevin, contained the essential facts, that he claimed certain property which the attaching-creditor had through his process, and by a constable, taken possession of. By their written consent to a trial and appearance in the district court, the parties submitted themselves to its jurisdiction. But to sustain jurisdiction, all that is essential is, to show that the tribunal had jurisdiction of the person, and of the subject-matter. The district court is one of general original jurisdiction, and if parties come voluntarily into that court to litigate a matter of which it could take cognizance, and which is within the scope of its jurisdiction, and make no objection to the form of the proceedings, they will not be heard to say that the court had no jurisdiction, or

that its judgment is not binding. *Reedy v. Gift*, 2 Kas. 392; *North Mo. Rld. Co. v. Akers*, 4 Kas. 453; *Carver v. Shelly*, 17 Kas. 472; *Besher v. Richards*, 9 Ohio St. 495. Suppose in this case, without any preliminary proceedings before the justice, the claimant had filed his statement in the district court, that he claimed the property, and that the constable had it; and the constable had, without process, voluntarily appeared in that court, and gone to trial upon such claim: could he be heard to say, after the trial had commenced, that the court had no jurisdiction? Clearly not. Nor do the prior unfinished proceedings before the justice prevent the district court from obtaining jurisdiction.

The judgment will be affirmed.

All the Justices concurring.