## W. H. WALRATH v. W. J. WHITTEKIND.

1. PAROL TESTIMONY, *to Explain Written Contract.* When a written contract is offered in evidence, and upon the face of the paper any word or figure is so obliterated and obscured as to be unintelligible, parol testimony is competent as in the case of a lost or destroyed instrument to show what word or figure was in fact intended and used by the parties.

2. DAMAGES, *Direct and Remote.* Damages recoverable upon breach of a contract are only those damages which are the direct and proximate result of the wrong complained of. Damages which are remote and speculative cannot be recovered.

*Error from Bourbon District Court.*

AT the May Term, 1881, of the district court, plaintiff *Whittekind* had judgment against defendant *Walrath,* who brings the case here. The opinion states the facts.

*J. H. Sallee,* for plaintiff in error.

*J. M. Limbocker,* and *A. A. Harris,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error in the district court of Bourbon county to recover for labor and material done and furnished in the improvement and repair of two certain store-rooms in the city of Fort Scott. Defendant in error is a carpenter; plaintiff in error is a dry goods merchant. The case was tried at the May term, 1881,

of the district court, before a jury, which returned a verdict in favor of the defendant in error for $300. After $50 of this amount had been remitted, the district court overruled a motion for a new trial, and entered judgment on a verdict for $250; to review which judgment this petition in error has been brought.

The first point made by counsel for plaintiff in error is, that the court erred in permitting the defendant in error to construe the memorandum agreement. The facts in respect to this objection are as follows: There was a certain memorandum or written contract entered into between the parties. That contract provided, among other things, for a stringer; but whether the size of that stringer was to be 8x10, 10x10, or 12x12, was a matter of dispute. In reference to this question the court ruled as follows: "That the contract being inspected by the court, it was found and so ruled by the court that the figures as to the size of the stringer are blotted, unreadable and indeterminate, and therefore oral testimony might be offered to show what they were in fact, and what the parties meant them to be."

In other words, the question comes before us in this shape: A written contract is introduced, but upon the face of it certain figures or words are so obscured or erased that an inspection of the paper will not disclose what those words or figures are. Under such circumstances there is but one recourse, and that is to resort to parol testimony as to what words or figures were intended and used by the parties. If the writing cannot be read, the defendant is not entitled to the benefit of its obscurity any more than the plaintiff. The written contract being unintelligible, recourse must be had to the parol negotiations of the parties, or any other testimony which will tend to show what the parties meant by these unintelligible figures. To this extent the district court permitted parol testimony. Such testimony was necessary, and therefore competent.

1. Parol testimony, to explain written contract.

Another proposition of counsel is, that the court refused to permit evidence offered on behalf of the plaintiff in error.

In order to understand the force of this objection, it must be remarked that the memorandum of agreement between the parties provided that the repairs should be completed by the 15th of February. As a matter of fact they were not completed till about the 15th of March, and defendant was, in consequence, to that extent delayed in removing into his new store. He filed a counter-claim for damages in consequence of this delay, and two questions were asked, answers to which were ruled out by the district court, which rulings present the present question for consideration. These questions are as follows:

"State what amount of damage you have sustained, if any, to your business, in consequence of the shelving having been removed by plaintiff before the store was ready to receive them, and the stock having been, in consequence, heaped up or piled around the store promiscuously?"

"State what expense you have incurred, if any, in advertising your removal from one building to another, and in notifying your customers of the change of place of your business, and when you advertised you would change, if at all?"

We think the ruling of the district court is correct. The damages sought to be covered by the answers to those questions are too uncertain and remote to be proper subjects for counter-claim. (*City of Parsons v. Lindsay,* ante, p. 426; *Minneapolis Harvester Works Co. v. Cummings,* ante, p. 367.)

The general rule is that no damages are recoverable for any breach of contract except such as are the direct and proximate result of the breach complained of, a result which must have been foreseen and must therefore be deemed to have been taken into account by the parties at the time they entered into the contract. We do not think these questions open a door to the consideration of such damages. The matter suggested by those questions would involve merely speculative, uncertain and remote damages. They would not be the direct and proximate result of the wrong, and would fluctuate with the disposition of the plaintiff in error to advertise and display. We think the district court properly ruled out this testimony as opening

2. Damages, direct and remote.

the door to an inquiry involving mere probabilities and speculations, or matters not the direct result of the wrong done.

Again, the plaintiff in error complains that the verdict is against the evidence; that the amount awarded by the jury is in fact excessive. We are inclined to think that the plaintiff below got all and probably more than he was entitled to; yet as $50 was remitted from the verdict, we cannot say that there was no sufficient testimony upon which the ultimate conclusion could rest. We think the jury had enough before them to justify their verdict, and therefore that verdict is conclusive upon us.

There being no other question in the case, the judgment of the district court must be affirmed.

All the Justices concurring.