GREGG, SON & CO. v. AARON GARVERICK.

1. PRACTICE — *Counterclaim* — *Jurisdiction.* Where an action for the recovery of money only has been commenced before a justice of the peace, and is afterward appealed to the district court, and the defendant, with the consent of all the parties, files an answer setting up a counterclaim exceeding $300, and the plaintiff and defendant voluntarily appear and proceed to trial, and no objection is made at any time before the trial court to the counterclaim or to the jurisdiction of the court to hear and dispose of the same, *held,* that the plaintiff cannot be permitted in the supreme court, for the first time, to object to the jurisdiction of the trial court to hear and determine such counterclaim. (*Shuster v. Finan,* 19 Kas. 114.)

2. ———— A trial court commits no error in refusing the request of a party to give an instruction which may mislead the jury.

3. USAGE OF COMMISSION MERCHANTS; *Competent Witness.* It is not necessary that a witness should be a commission merchant, in order to prove the custom or usage of such merchants. If he knows what the usage is from dealing with such commission merchants, he is competent to testify to it.

*Error from Barton District Court.*

ACTION brought by *Gregg, Son & Co.,* against *Aaron Garverick,* August 20, 1879, before a justice of the peace of Barton county, upon a bill of particulars to recover $190.40, itemized as follows:

April 7, 1879, for cash advanced defendant.............................. $100 00
April 25, 1879, for freight paid upon broom corn shipped by defendant and at defendant's request................................. 96 00
April 10, 1879, cash paid for hauling broom corn for defendant, at his request................................................................. 3 40

Upon the trial, on September 24, 1879, the justice rendered judgment for plaintiffs, against the defendant, the latter not

appearing, and thereafter the defendant appealed to the district court. On March 7, 1882, the defendant, with the consent of the plaintiffs, filed an answer to the bill of particulars, and in his second defense set up a counterclaim for the sum of $560, alleging that the broom corn shipped to plaintiffs by defendant was destroyed by fire, and that by their failure to insure the broom corn, it was wholly lost to the defendant; that by the usage of commission merchants, the plaintiffs were bound to insure, or bear the loss upon neglect so to do. Trial in the district court, at the November adjourned term for 1882, to wit, on March 10, 1883, before a jury. A verdict was returned for the defendant for $571.53. Of this, the defendant remitted $11.53, and judgment was entered for $560. Plaintiffs excepted, and bring the case here.

*W. H. Dodge*, for plaintiffs in error.

*G. W. Nimocks*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On April 4, 1879, the defendant shipped from Pawnee Rock, in this state, to the plaintiffs, who are commission merchants at Chicago, Illinois, one car-load of broom corn, to be sold on account of the defendant. On April 12, 1879, plaintiffs received notice from the Chicago, Burlington & Quincy railroad company of the arrival of the car-load of broom corn at Chicago, Illinois, consigned to them, and on the 23d of the same month received notice to remove the corn from the warehouse of the company. On the 24th and 25th days of the same month, at the instance of the plaintiffs, A. D. Ferry & Co. caused the broom corn to be hauled to their own warehouse in the city of Chicago; the last load of the broom corn was delivered and stored in the warehouse late in the day of the 25th. Shortly afterward, a fire broke out in the warehouse, which consumed and destroyed all of the broom corn. Prior to the destruction of the broom corn by fire, the plaintiffs had advanced thereon to the defendant $100; had paid the railroad company for freight upon the broom corn

$96, and for hauling the same to the warehouse the sum of $3.40. This action was brought by the plaintiffs to recover from the defendant these sums, aggregating $199.40. No defense to the action was made before the justice of the peace, but upon appeal, the defendant set up a counterclaim for $560, alleging that the plaintiffs were bound, by the usage of commission merchants, to insure the broom corn, and having failed so to do, were liable in damages for their negligence.

It is urged that as the action was originally brought before a justice of the peace, who had jurisdiction to render judgment for $300 only, that the district court had no jurisdiction to pass upon the merits of the counterclaim, amounting to $560. *Wagstaff v. Challiss*, 31 Kas. 212, is cited as decisive. That case does not control. There, Challiss moved to strike out the set-offs because they were beyond the jurisdiction of a justice of the peace, and therefore not triable in the district court. The court sustained the motion. Here, the answer was filed with the consent of all the parties, and the plaintiffs and the defendant voluntarily appeared and proceeded to trial. No objection was made to the counterclaim, and the plaintiffs cannot now be permitted to say that the trial court had no jurisdiction. It acquired jurisdiction of the person by the appearance of the parties, and had, by virtue of its general powers, jurisdiction of the subject-matter involved. (*Shuster v. Finan*, 19 Kas. 114; *Miller v. Bogart*, 19 id. 117.)

It is next urged that the judgment is not sustained by the evidence. In support of this, counsel say the defendant "utterly failed to prove that according to general custom, insurance should have been taken out for the benefit of the consignor." Counsel has evidently overlooked some of the testimony. Albert D. Ferry, of the firm of A. D. Ferry & Co., of Chicago, Ill., was a witness on the part of the plaintiffs, and he testified, among other things, that "he knew it was the rule or custom in Chicago to insure consigned merchandise for the protection of the consignor." The defendant also introduced evidence tending to prove this custom or usage.

Opinion of the Court.

It is also urged that the court committed error in refusing to give the following instruction asked for by the plaintiffs: "That in case the broom corn was placed in the store-house so late in the day, on April 25th, that insurance could not be effected on that day, the consignee is entitled to a reasonable time, after storage, to effect the insurance on the broom corn." Under the evidence, this instruction would have been misleading. If it was the duty of the plaintiffs to take out insurance upon the broom corn, as the evidence fully established, they had ample time to do so between the arrival of the corn at Chicago and the time of its destruction by fire. There was no necessity for them to delay until April 25th, to effect the insurance.

Finally, it is urged that the court committed error in receiving incompetent evidence. It is said that none of the witnesses for the defendant showed themselves competent to testify as to the general custom among commission merchants of Chicago, Ill., to insure goods and merchandise consigned to them for sale. Before the witnesses were permitted to testify concerning this custom or usage, they were asked if they were acquainted with the custom or usage in Chicago, concerning the matter, and all of them answered, they were. Whether they became acquainted with this general custom as commission merchants or as shippers, is immaterial. If they had actual knowledge thereof from dealing with such commission merchants, as they testified they did have, their evidence was competent. (*Griffin v. Rice,* 1 Hilton, 184; *Adams v. Peters,* 2 Car. & Kir. [61 E. C. L.] 722.)

The judgment of the district court will be affirmed.

All the Justices concurring.