2 3 ʃ ⱥ. 6 10

THE MISSOURI PACIFIC RAILWAY COMPANY V. DAVID ATCHISON.

1. TRESPASS — *Justice of the Peace — Jurisdiction — Waiver.* Although a justice of the peace has jurisdiction in actions for trespass upon real estate only where the damages demanded do not exceed $100, yet a party may waive the trespass and sue for the value of the occupation and use of his real estate by the defendant as upon an implied contract, demanding more than $100 damages and less than $300.

2. ——— *Appeal — Practice.* Where a case is certified by a justice of the peace to the district court on the ground that the boundaries of land are in dispute, the case will be proceeded with in the district court as if originally commenced therein.

3. LAND — *Use and Occupation — Damages — Erroneous Judgment.* Where a plaintiff sues for the value of the use and occupation of a small piece of land out of a very much larger tract, and on the trial he proves that the defendant occupied and used the small piece of land, and also proves the value of the use and occupation of the entire tract, but does not prove the value of the use and occupation of the small piece of land used and occupied by the defendant, nor of any other portion of the large tract, and the jury render a verdict in favor of the plaintiff and against the defendant, assessing the plaintiff's damages at the value of the use and occupation of the entire tract, and judgment is rendered accordingly, *held*, error.

*Error from Leavenworth District Court.*

THE case is stated in the opinion. Judgment for the plaintiff *Atchison*, at the December term, 1887. The defendant *Railway Company* comes to this court.

*Waggener, Martin & Orr*, for plaintiff in error.

*J. H. Gillpatrick*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace of Leavenworth county by David Atchison, against the Missouri Pacific Railway Company, to recover $200 for the occupation and use by the defendant of a certain piece of land belonging to the plaintiff. The defendant answered in the justice's court, denying the allegations of the

34—43 KAS.

plaintiff's bill of particulars, and alleging that the defendant itself owned the land and had the rightful possession thereof. The defendant also moved the court to certify the case to the district court upon the grounds that the title to the land and also the boundaries thereof were in dispute, and the justice sustained the second ground, and certified the case to the district court. After the case had been transmitted to the district court, the defendant moved the district court to dismiss the same upon the grounds: 1. That the justice of the peace had no jurisdiction of the action, for the reason that the action was merely trespass upon real estate, and where the damages demanded exceeded $100. 2. That the district court had no jurisdiction of the case, for the reason that the case had come to the district court only by being certified thereto by a justice of the peace who had no jurisdiction. This motion was overruled by the district court, and the case was then tried before the court and a jury, and the jury rendered a general verdict in favor of the plaintiff and against the defendant, and assessed the plaintiff's damages at $200, and judgment was rendered accordingly. To reverse this judgment, the defendant, as plaintiff in error, brings the case to this court.

We think the justice of the peace had jurisdiction of the case. It is perhaps true that the defendant's possession and use of the plaintiff's property was a tort and a trespass, as, according to the plaintiff's bill of particulars, the defendant occupied the property without the consent of the plaintiff; and if the plaintiff's action had been brought only for the trespass, the justice would not have had any jurisdiction to try the case; for a justice of the peace in Kansas has jurisdiction in actions for trespass upon real estate only where the damages demanded do not exceed $100. (Justices Act, §6.) But the plaintiff's action was not merely one for the trespass. He in effect waived the trespass, and, in fact, sued for the value of the use and occupation of his property as upon an implied contract. In the case of *Fanson v. Linsley*, 20 Kas. 235, the following decision was made by this court:

"2. Whenever one person commits a wrong or tort against

the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, *imply* or presume a contract on the part of the wrong-doer to pay to the party injured the full value of all benefits resulting to such wrong-doer. And when the injured party elects to waive the tort, his cause of action may be used as a set-off.

"3. Where one person commits a wrong or tort against another, without any intention of benefiting his own estate, and his own estate is not thereby benefited, the law will not imply or presume a contract on the part of such wrong-doer to pay for the resulting damages; and such cause of action cannot be used as a set-off."

See also *Hagaman v. Neitzel*, 15 Kas. 384; *McGonigle v. Atchison*, 33 id. 726. See also § 20 of the act relating to landlords and tenants, which reads as follows:

"SEC. 20. The occupant, without special contract, of any lands shall be liable for the rent, to any person entitled thereto."

Besides, when this case was taken from the justice of the peace to the district court, the district court took the case in the same manner as though it had been originally commenced in that court, and if even we should call the occupation of the premises by the defendant an absolute trespass upon the property, still the district court would have taken complete and ample jurisdiction of the case, and might have permitted the plaintiff to demand and recover damages for any amount which he might have been able to prove. Section 7 of the justices act, which provides for certifying cases from a justice of the peace to the district court when "title or boundaries of land is in dispute," provides that when the case shall be taken to the district court "said case shall be docketed, and thereafter proceeded with in the district court as if originally commenced therein." It will be seen from this that the district court when a case is certified to it as this case was, in effect takes original jurisdiction of the case and not appellate jurisdiction; and hence the case of *Wagstaff v. Challiss*, 31 Kas. 212, has no application to this case. See also, in this connection, *Shuster v. Finan*, 19 Kas. 114; *Miller v. Bogart*,

19 id. 117, and *Douglass v. Easter*, 32 id. 496. We think the jurisdiction of the district court after the case was taken there was as broad and ample as though the case had been originally commenced in that court.

The second claim of error is, that the amount of the recovery is excessive. It appears that the plaintiff below owned a tract of land east of the defendant's railway and between it and the Missouri river, 150 feet long north and south and 70 feet wide east and west. In his amended bill of particulars he alleged that the railway company had occupied and used a portion thereof 100 feet in length and 20 feet in width. On the trial he proved that the railway company had occupied and used a portion thereof 57 feet in length and 20 feet in width, or, in other words, nearly one-ninth of the entire tract. This small piece of ground the railway company had occupied and used for two years next preceding the commencement of this action, and the plaintiff claimed $200 damages therefor. On the trial he proved that the value of the use of the entire tract was $100 a year, or $200 for the use of the entire tract for the entire time for which the plaintiff sued, and he did not prove what the value of the use of the ground occupied by the railway company was, or what the value of the use of any other portion of ground out of the entire tract was. The verdict of the jury was in favor of the plaintiff, and they assessed his damages at $200, for which amount, with costs of suit, the court rendered judgment. Now it is clear beyond all question, that the plaintiff should not recover damages or compensation for the use of his entire tract of land when he did not in his pleadings claim for all, and when the railway company in fact occupied and used only a small portion thereof — less than one-ninth thereof. Hence the verdict of the jury and the judgment of the court below were in this respect erroneous. Under the evidence we have no means of equitably adjusting or apportioning the values of the use of the different portions of the entire tract, or of equitably determining what should be the amount of the

recovery.    Hence for this error the judgment of the court
below must be reversed. (*Powers v. Clarkson*, 11 Kas. 101.)

The judgment will be reversed, and the cause remanded
for a new trial.

All the Justices concurring.