## J. C. Macy v. C. W. Peach.
### No. 80.

1. Breach of Contract—*Measure of Damages*. The law does not hold one liable for all the consequences that may follow the breach of his contract. Only such damages are recoverable as are the direct and proximate result of the wrong complained of.

2. Damages, *too Remote—no Recovery.* Where one employed for a term of months as a farm-hand abandons his employer before the end of the term, the damages sustained by the employer in the loss of his wheat crop are too remote to be recovered in an action for a violation of such contract.

MEMORANDUM.—Error from Osborne district court; CYRUS HEREN, judge. Action by C. W. Peach against J. C. Macy, in a justice's court. Judgment for plaintiff, and defendant appealed to the district court. There judgment was rendered for plaintiff, and defendant brings the case to this court. Affirmed. The opinion herein, filed April 3, 1896, states the material facts.

*Robinson & McBride*, for plaintiff in error.

*Israel Moore*, and *W. N. Moore*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: About the 1st of March, 1891, a verbal contract was entered into between one Henry Glodfelty and the plaintiff in error, J. C. Macy, whereby the former agreed to work for the latter on his farm in Osborne county for a term of nine months, at the stipulated wages of $17 per month. Glodfelty went to work under this contract on March 4, and remained with Mr. Macy until July 8, and then, without any sufficient reason therefor, and over Macy's objection, quit, and refused further to comply with the terms of his contract. Glodfelty was a minor stepson of C. W. Peach, the defendant in error, and the latter brought an action before a justice of the peace to recover the balance of the wages claimed to be due his stepson. The case was subsequently taken to the district court, where amended bills of particulars were filed by both parties, and a trial was duly had before the court, a jury being waived, resulting in a finding in favor of the plaintiff for the amount claimed by him, ''less the damages sustained by the defendant, in the sum of $18.69, to wit: That plaintiff should recover of the

defendant the sum of $45.26; the damages allowed being the difference between the per diem paid the employee, Glodfelty, and $2 per day, the amount per diem the court considered a proper compensation for which additional help could be employed as needed to take the place of said employee during harvest.'' The defendant excepted to the finding of the court, filed his motion for a new trial, setting forth all the statutory grounds therefor, which was overruled, the defendant duly excepting, and judgment was rendered in favor of the plaintiff for $45.26. The defendant seeks a reversal of this judgment.

The only assignment of error to which particular attention is called by counsel is that the court erred in its finding as to the damages which the defendant below sustained through the breach of the contract by Glodfelty, and it is claimed that, under the evidence, the plaintiff in error was entitled to damages under his counter-claim, and that there was no evidence in the case to warrant the finding of the damages that were assessed by the trial court as having been sustained by the plaintiff in error. In his counter-claim the defendant alleged the breach of the contract, and that the defendant was unable to get help to take the place of Glodfelty, and could not therefore get his work done, wheat harvested, nor corn properly tilled, nor stock properly cared for, whereby he was damaged in the sum of $500. The defendant in error claims that, as this action was originally brought before a justice of the peace, the district court on appeal had no jurisdiction of this counter-claim, it exceeding the sum of $300. Had this objection been interposed in the trial court, the cases of *Ball v. Biggam*, 43 Kan. 327, and *Wagstaff v. Challiss*, 31 id. 212, would be authorities supporting such contention; but

37—2 APP.

as no objection was there made, the defendant in error cannot be permitted in this court for the first time to object to the jurisdiction of the trial court to hear and determine such counter-claim. (*Gregg v. Garverick*, 33 Kan. 190.)

Did the court err in refusing to allow the defendant damages under his counter-claim? In *Walroth v. Whittekind*, 26 Kan. 482, it is said that "damages recoverable upon breach of contract are only those damages which are the direct and proximate result of the wrong complained of. Damages which are remote and speculative cannot be recovered." While the defendant may have suffered loss by reason of Glodfelty's misconduct, still it must be remembered that the law does not hold one liable for all the consequences that may follow the breach of his contract. If it were so, his liability would be without a limit, for it would continue as far as the consequences of his act could be traced. The law wisely limits liability to the direct and immediate effects of the breach of a contract. The losses set up in defendant's counter-claim are not of this character. They may have resulted remotely from the fact that Glodfelty failed to remain with the plaintiff in error as a farm-hand for the full period of nine months, but they cannot be said to be the natural and proximate consequence of the breach of the contract of employment. (*Fuller v. Curtis*, 100 Ind. 237; *Jackson v. Hall*, 84 N. C. 489; *McDaniel v. Crabtree*, 21 Ark. 431; *Jackson v. Mathews*, 5 Kan. 118.)

In support of the contention of plaintiff in error that the court erred in assessing his damages, our attention has been called to the case of *Houser v. Pearce*, 13 Kan. 104, in which the plaintiff recovered a judgment for damages for breach of a specific contract to cut,

bind and stack certain oats, and the supreme court held that if the plaintiff, after using all reasonable precaution, lost his crop by reason solely of the failure of the defendants to perform their contract, he was clearly entitled to recover the amount of such loss ; and as the record did not include the evidence, the court held that the presumption was that the instruction given of which complaint was made was warranted by the evidence.   There is, however, quite a noticeable distinction between that case and this one. Here, the contract between the parties was not made with any special reference to the harvesting of the defendant's wheat crop, nor to the cultivation of any particular field of growing corn ; but, on the contrary, it is fair to presume that the work expected to be performed by him was general in its nature, such as is usually required of a farm-hand, and it cannot fairly be supposed that the damages alleged in the counter-claim were within the contemplation of the parties to this contract when 'it was executed, nor could such damages naturally be expected to follow a violation of the contract.   The evidence in support of the damages sustained by the defendant below, as alleged in his bill of particulars, is very unsatisfactory. Instead of being recitals of fact, the testimony of the several witnesses amounts only to expressions of opinion as to the damages which the defendant sustained, and was clearly incompetent.   But we do not think the defendant below was entitled to recover the damages alleged by him in his counter-claim.   In *Peters v. Whitney*, 23 Barb. 24, this identical question was before the court, and it was there held that, "in an action for the breach of a contract for work and labor to be done upon a farm, evidence of damage occurring to the plaintiff's crops in consequence of the defend-

ant's leaving his service is inadmissible. The legal measure of damages in such cases is the difference qetween the wages agreed to be paid to the defendant and the price the plaintiff was obliged to pay for labor to supply his place." In *Riech v. Bolch*, 68 Iowa, 526, it is said that, "where one employed by a farmer for a given term abandons his employer before the end of the term in the midst of haying, the damages sustained by the employer in the loss of hay are too remote to be recovered in an action for a violation of the contract." In that case, the defendant offered to prove that, when plaintiff left his service, he had a large quantity of hay in the shock, and that he had a quantity of uncut hay in the field, and that he was unable to employ other help to save such hay, and that it was lost in consequence of plaintiff's refusal to continue in his service during the remainder of the term of his employment; and also offered to prove the value of the hay at the time the plaintiff quit his services. This evidence was excluded by the district court, on the ground that it did not afford the proper measure of damages. The supreme court, in sustaining this ruling, held that "it cannot be said that the injury complained of is the natural and proximate consequence of plaintiff's breach of the contract." In the case of *Houser v. Pearce*, supra, the trial court refused an instruction to the jury that the measure of damages was the difference between the contract price and what it would have cost to have had the work done by others, and the supreme court, speaking through Mr. Justice BREWER, says that "this instruction states what would perhaps be the ordinary rule for the measure of damages." This is the rule laid down in *Peters v. Whitney*, supra, which the trial court evidently sought to apply; but the rec-

ord, as stated by plaintiff in error, is entirely silent as to the amount which would probably be necessary to pay for additional help to take the place of Glodfelty during harvest, except that, after the latter left Macy, he was employed by Mr. Smith at $1.25 a day; but whether the court erred in estimating the damages of the plaintiff in error in this respect is immaterial, as any error therein inured to the benefit of the plaintiff in error.

We think, from an examination of the entire record, that the plaintiff in error has failed to point out any prejudicial error therein, and that the judgment should be affirmed.

All the Judges concurring.