LIZZIE J. TOWNSDIN v. MARGARET TOWNSDIN.

No. 173.

1. FORCIBLE ENTRY AND DETAINER — *certified to district court, nature of action not changed.* Where an action of forcible entry and detainer is, upon plea of title, certified to the district court, it is not changed to an action for the recovery of real property; the certification merely changes the forum, but does not change the action.

2. STATUTE OF LIMITATIONS — *two year, no application to tenancy till notice to quit.* The two years' Statute of Limitations does not commence to run in favor of a tenant from year to year until the service of notice to terminate the tenancy.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed March 22, 1897. *Affirmed.*

*Isaac A. Rigby,* and *Theodore Laing,* for plaintiff in error.

*J. W. Sheafor,* for defendant in error.

WELLS, J. Defendant in error, Margaret Townsdin, on March 7, 1893, brought an action of forcible detainer, before a justice of the peace of Cloud County, Kansas, against plaintiff in error, Lizzie J. Townsdin, alleging, that said plaintiff in error was the tenant of defendant in error, of a tract of land in said county, described in the complaint; that the tenancy had been

begun in 1880 by William H. Townsdin, the husband of Lizzie J. Townsdin, and had continued from year to year until April, 1889, when said William H. Townsdin died, leaving his widow, Lizzie J. Townsdin in possession of said premises; that she continued to occupy them until the fall of 1892, when a notice was given to terminate the tenancy from year to year; and that, on March 2, 1893, she was notified to quit, but failing to do so, this suit was begun to recover possession of said premises.

Lizzie J. Townsdin, the defendant below, filed her verified answer in which she denied that she was the tenant of said plaintiff, Margaret Townsdin, but averred, that she and her husband, William H. Townsdin, had gone into the possession of said land in 1880, and had ever since held it, under an agreement between her husband, William H. Townsdin, and the plaintiff in said action, whereby, in consideration of the annual payment of fifty dollars and taxes during the life of said Margaret Townsdin, the land was to belong to the said William H. Townsdin; that they made valuable and lasting improvements on said land under said contract; and that by virtue of said contract, she and her son, William I. Townsdin, as the sole heirs at law of William H. Townsdin, deceased, were entitled to said premises. The case was thereupon certified to the District Court, under paragraph 4853, General Statutes of 1889, and was there tried before a jury; a verdict was found for the plaintiff, Margaret Townsdin, and judgment that she have restitution of the premises and recover her costs, rendered thereon. From this judgment, proceedings in error are brought to this court.

It appears from the evidence that William H.

Townsdin, the husband of Lizzie J. Townsdin, was a son of the plaintiff below, Margaret Townsdin, and went upon, and until his death made his home on, the land in controversy under some agreement or understanding, not in writing, with the plaintiff and her husband; after his death his wife was permitted to remain until some family trouble arose, when proceedings were instituted to remove her therefrom.

The principal question in this case, as presented by the briefs for plaintiff and defendant in error respectively, is whether, in an action of forcible detainer, brought originally in a justice's court and certified to the district court under paragraph 4853, General Statutes of 1889, a judgment for dispossession can be rendered against a defendant who claims title; or, as the question is put by the plaintiff in error, "Will the action of forcible entry and detainer lie, when the question of adverse title or interest is fairly raised by the pleadings and evidence?" The plaintiff in error insists that the action of forcible entry and detainer will lie only where no question of title is raised. We do not think that this contention can be sustained. Section 7 of the Justices' Code, which provides for certifying cases from a justice's court to the district court, where title or boundary of land is in dispute, provides that, when the case shall be taken to the district court, "said case shall be docketed and thereafter proceeded with in the district court as if originally commenced therein."

It would be a strange construction of law to hold that, because a tenant saw fit to set up any pretended claim of title, without any reason or justice in fact, such claim of itself would defeat the action of forcible entry, or forcible entry and detainer. This identical

question was raised in the case of *McNamara v. Culver* (22 Kan. 661). Mr. Justice Brewer, rendering the opinion of the court in that case, says:

"A final objection is, that the defendant was refused a second trial, as is authorized in actions for the recovery of real property. . . . In this action a sworn answer setting up title was filed, and thereupon the justice certified the case to the district court, where it was tried. The argument of counsel is in substance, that as the article in the General Statutes providing for proceedings in forcible entry and detainer applies only to the justices' and not to district courts, and as the provision for certifying cases to the district court declares that the case so docketed shall be proceeded with in the district court as if originally commenced therein, it must proceed as an action for the recovery of real property, in which action two trials are a matter of right. We cannot agree with counsel. The action of forcible detainer is different from the action of ejectment, or for the recovery of real property, as it is styled in the Code. Evidence sustaining the latter will not necessarily sustain the former. More facts are required in the one than in the other. Now the district court is one of general original jurisdiction. A provision for certifying the case from the justice's to the district court, changes the forum, but does not change the action. The same proof must be made in the latter as would have been required in the former court, and the same relief may be obtained. If it were not so, an unscrupulous tenant might hold possession in defiance of his landlord, and without giving any security, for many months. We do not so understand the statute."

See also *Mo. Pac. Rly. Co. v. Atchison*, 43 Kan. 529.

The plaintiff in error also complains that the court below erred in refusing to give to the jury the three special instructions asked for; these instructions are all based upon the two years' Statute of Limitations, and we do not think the position, that this statute

does not apply to a tenancy from year to year before it is terminated by notice to quit, needs any citation of authorities or argument.

Complaint is made also of instructions three, four, five, six and seven, as given by the court; but we think that these instructions give substantially and. fairly the contention of the respective parties, and there is nothing in any of them of which the plaintiff in error can complain. We doubt if the defendant would have been entitled to recover had she shown " a clear definite agreement and understanding between plaintiff and defendant's husband, or herself," as claimed by her, the same not being in writing, and certainly extending over more than one year's duration — if any such agreement or understanding ever existed. See ¶ 3165, Gen. Stat. 1889. There was certainly no error therein of which the plaintiff in error could complain.

Taking all the evidence in this case and giving it the construction most favorable to the plaintiff in error, we do not think it would show any color of title in her, or such a state of facts as would constitute any defense to the action of the plaintiff below.

The judgment of the court below will be affirmed.