## PETERS *vs.* WHITNEY.

Where a party agrees to work for another for a month, and, if the parties are suited with each other, that he will work during the season, or six or seven months, he is bound to determine, and make his election, at the end of the month, whether to quit, or stay during the season.

If he continues to work after the expiration of the month, this is presumptive evidence that he has determined to stay through the season; and he cannot afterwards leave the employer's service before the end of the season, except for a cause that would be a justification for abandoning or rescinding the contract.

In an action for the breach of a contract for work and labor to be done upon a farm, evidence of damage occurring to the plaintiff's crops in consequence of the defendant's leaving his service is inadmissible.

The legal measure of damages, in such cases, is the difference between the wages agreed to be paid to the defendant, and the price the plaintiff was obliged to pay for labor to supply his place.

APPEAL from a judgment of the Cayuga county court affirming a judgment of a justice of the peace.

*S. Giles*, for the appellant.

*S. V. R. Cooper*, for the respondent.

*By the Court*, WELLES, J. No sufficient cause appears to justify the defendant in leaving the service of the plaintiff. In April, 1853, he commenced working for the plaintiff, under a contract to work one month, and if the parties liked each other he was to work for the season, or six or seven months. He commenced work in April and worked until August, when he left the plaintiff's service without cause. At the end of the first month was the time for him to have decided whether he liked the plaintiff, and to determine his election whether to quit or to have it a contract for the season. The fact that he continued to work until in August, is presumptive evidence that at the end of the first month the parties were suited with each other. It is preposterous to say that the defendant was at liberty, at any time, to leave the plaintiff's service without cause and on his mere fancy. That right he had at the end of the first

month; but having determined to remain in the plaintiff's service, after that, he could not leave him before the season had expired, without violating his contract; unless for a cause that would be a justification for abandoning or rescinding the contract. The justice, however, committed an error in admitting evidence of the damage to the plaintiff's crops, in consequence of the defendant leaving his service. The legal measure of damages in such cases is the difference between the contract price with the defendant and the price the plaintiff was obliged to pay for labor to supply his place.

The justice rendered judgment in the plaintiff's favor for five dollars damages. It does not appear, and we cannot see, on what account these damages were adjudged; whether for the injury to the crops, or excess paid for other labor, or both. If any part of it was for the former, it was error. The evidence was objected to and erroneously admitted. For this reason the judgment of the county court and that of the justice should be reversed.

[Monroe General Term, September 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]