May Term,
1859.

SLAUTER *v.* WHITELOCK.

SLAUTER
v.
WHITELOCK.

If a mistake in not having a witness sworn, is discovered before the jury re-
tire, it may be corrected by swearing the witness and rehearing his testi-
mony; or the jury may be instructed to disregard his statements.

If no motion be made upon the discovery of the mistake, the parties will be
deemed to have acquiesced in the reception of the unsworn statements as
evidence.

And where such mistake was assigned as one of the written reasons for a new
trial, but the record did not show, by affidavit or otherwise, when the mis-
take was discovered, if discovered at all before judgment, or whether any
motion was made to correct it, the ruling of the Court refusing a new trial
was sustained.

*Wednesday,
June 1.*

APPEAL from the *Warren* Court of Common Pleas.

HANNA, J.—This was a suit for work and labor.

Answer—1. A general denial; 2. That defendant work-
ed forty-three days on a special contract to work three
months, which contract he abandoned, &c., whereby de-
fendant suffered damage 30 dollars, &c.; 3. Set-off.

Trial by jury; verdict and judgment for plaintiff for 10
dollars, 70 cents.

The evidence shows that the plaintiff undertook to
work for three months at 18 dollars per month; that he
performed about forty-five days' work, when he was com-
pelled to cease work, for a short time, because of an acci-
dent by which he was injured; that he was to receive his
pay as he needed it; that a few days after he was injured,
he asked for a settlement with defendant, and demanded
his pay. There was evidence that defendant refused to
pay plaintiff unless he would complete his contract, and
offered to take the work after he recovered. Plaintiff gave
notice he would not work any more, and brought suit.

The witnesses for the defendant state that he did not
refuse to pay until after the plaintiff had stated that he
would not work another day, and that he had, at times,
offered to pay the plaintiff more than he took.

Contradicting this, is the statement of *Eli Angher*, who
was introduced, and, in the language of the bill of excep-
tions, "by mistake, was not sworn, but stated and gave in

his evidence without being sworn." He detailed the terms
of the contract at 19 dollars per month; that he went with
plaintiff to ask a settlement, &c.—in other matters agree-
ing with the other witnesses, except in the statement,
"that *Whitelock* had told him, before they went to *Slau-
ter's*, that he would not work another day for *Slauter*;
that *Slauter* would not pay him as he needed it."

There is no evidence, other than the above, from which
the jury could infer that the defendant refused to pay
the plaintiff, when requested, until after the plaintiff an-
nounced he would not complete the contract.

The evidence of the defendant, if legitimate, shows that
he was damaged, by the failure of the plaintiff, in a sum
greater than the amount that would have remained due
the plaintiff after deducting payments. The plaintiff of-
fered no evidence upon that point. That evidence of de-
fendant consisted of general statements of witnesses, based
upon the farming operations of the defendant, the lateness
of the season, &c., as to the amount of such damages,
without specifying in what they consisted, except upon
one point, and that was, that defendant had sold and was
to deliver his old corn (eleven hundred bushels) at 70 cents
per bushel, but by the failure of the plaintiff, was pre-
vented from doing so until fall, when corn had declined to
50 cents. If this was the proper mode of measuring the
damage, it will be seen it would amount to much more
than the whole contract price of the labor for the three
months. The evidence was not objected to.

In *Peters* v. *Whitney*, 23 Barb. 24, which was an action
for breach of a contract for work to be done on a farm,
evidence of damage to the plaintiff's crop was deemed
inadmissible, because of the defendant's leaving, &c.; and
it was held, in that case, that the legal measure of dam-
ages in such a case is the difference between the contract
price and the price the plaintiff was obliged to pay to sup-
ply his place.

To the same effect are the decisions of this Court upon
the question of the measure of damages. *Ricks* v. *Yates*,

5 Ind. R. 117.—*Jones* v. *Van Patten*, 3 *id.* 107.—*Coe* v. *Smith*, 4 *id.* 79.

In the case at bar, there was no evidence as to the wages of labor at the time of the breach. There was evidence that hired help was scarce; and one witness testified, incidentally, that the defendant could not procure a laborer to supply the place of the plaintiff; but there was nothing upon the point of the amount of wages that was offered.

It is insisted that upon the whole facts, the verdict should have been for the defendant.

Keeping out of view the statements of *Eli Angher*, there was ample evidence of the contract, its terms, and the amount of labor performed.

The payments proved left about the amount found by the jury.

It is manifest, then, that nothing was allowed for damages for a breach of the contract by the plaintiff.

If the evidence of *Angher* was legally before the jury, it was, then, a proper question for them to determine which party broke the contract. Without that there was no evidence for them to weigh and reconcile upon that point.

The statute (2 R. S. p. 80) requires witnesses to be sworn, which is but in accordance with the doctrines of the elementary writers. 1 Greenl. Ev. § 328. But in the case at bar, we are not informed when the mistake, as to the testimony having been given without the sanction of an oath, was discovered by the complaining party. The first we hear of it is in the reasons for a new trial. If it was known before the jury retired, the mistake could have been corrected by swearing the witness and rehearing the evidence; or if that course was not taken, by an instruction to the jury to disregard his statements. If no motion was made upon the discovery, by either party, it would amount to an acquiescence in the reception of his statements as evidence in the case.

As there is nothing shown, by affidavit or otherwise, in the record, we are bound to presume in favor of the ruling

of the Court, on the motion for a new trial, that such a state of facts existed as authorized that ruling, upon the point under consideration.

Under these circumstances, there was testimony before the jury tending to show a breach of the contract by the defendant, and therefore to sustain the finding of the jury.

*Per Curiam.*—The judgment is affirmed with costs.

*B. F. Gregory* and *J. Harper*, for the appellant.

*J. R. M. Bryant*, for the appellee.