PROSSER v. JONES ET AL.

1. **Pleading**: IMMATERIALITY: CONTRACT. In an action for damages under a written contract, allegations of subsequent promises are immaterial and should be stricken out.

2. **Damages**: WHEN TOO REMOTE. J. agreed to thresh the grain of P. whenever the latter should require it to be done, but failed to comply with the terms of the agreement. In an action to recover for the breach it was *held*, that damages would not lie for injury to the grain, and labor and expense in taking care of it, after performance had been demanded.

*Appeal from Montgomery Circuit Court.*

FRIDAY, DECEMBER 10.

ACTION upon a written contract wherein defendants obligate themselves to do certain threshing for plaintiff. Parts of the petition alleging grounds of special damages were stricken out on motion of defendants. From this ruling plaintiff appeals. The facts fully appear in the opinion.

*W. M. Wright* and *Frank M. Davis*, for appellant.

The question of negligence is to be determined by the jury. (Shearman & Redf. on Neg., § 11; *Marquette v. C. & N. W.*

*R. Co.*, 33 Iowa, 562.) The liability of the parties and the extent of their agreement must be ascertained in the light of surrounding facts. (2 Greenl. on Ev., § 277.) In an action claiming special damages which are the natural but not necessary result of the default, such damages should be pleaded, and it is not enlarging the contract to plead them. (2 Greenl. on Ev., § 254; *Adair v. Bogle*, 20 Iowa, 244.) A party must respond in damages for the natural and necessary losses occasioned by his default and neglect to perform his contract, and such losses are ascertainable damages, though not settled and liquidated. (*Dean v. White*, 5 Iowa, 266; *Fisk v. Tank*, 12 Wis., 275; *Shepherd v. Milwaukee Gas Co.*, 15 Id., 318.) See, also, *Corwin v. Wallace*, 17 Iowa, 374, and *Tait v. Sherman*, 10 Id., 60.)

*Miller & Bartholomew*, for appellee.

It is the question of negligence *under the proofs* which is to be submitted to the jury. (*Marquette v. C. & N. W. R. Co.*, 33 Iowa, 562; *Alger v. M. & M. R. Co.*, 10 Id., 271.) The rule of damages in an action for breach of a contract to perform labor is the cost of procuring it to be done by other parties. (Sedgwick on Dam., 216–20; *Peters v. Whitney*, 23 Barb., 24.) The written contract which is the basis of the action must regulate the amount, as well as the right of recovery. (*Bush v. Chapman*, 2 G. Greene, 551.) The damages to be recovered must always be the natural proximate consequence of the act complained of; as, for failure to deliver a reaper, one cannot recover for loss to crops or extra expense in hiring hands. (*Brayton v. Chase*, 3 Wis., 456; *Dubuque, etc., v. Dubuque*, 30 Iowa, 176.)

BECK, J.—The written instrument sued on bound the defendants, in consideration of a threshing machine sold to them by plaintiff, to pay $100, and, in the language of the agreement, "to do his [plaintiff's] threshing of wheat, timothy, oats and flax, at such times as he shall require it to be done, upon giving to said W. H. and J. H. Jones four days' notice."

The petition alleges, as a breach of the contract, the failure

and refusal of defendants to do the threshing stipulated in the contract, after the notice provided for had been given.

The petition after various amendments, in compliance with orders of the court, made upon motion to strike out parts of it, alleges, as grounds of recovery and for special damages, that, at various times, when defendants were notified under the contract to do the threshing, they promised to perform the work, and plaintiff at their request piled up and stacked a large portion of his grain without binding it; that the rest of his grain was standing in shocks in the field, and defendants directed plaintiff that it should be left in that condition to be threshed out of the shock; that plaintiff, relying upon these promises and directions of defendants, did not stack all of his grain; that he could not procure help to stack it; that he attempted to procure others to thresh it, but could not, for the reason that there was no other machine in the neighborhood, and that, by reason of these matters, plaintiff's wheat was greatly injured, whereby he sustains loss which he seeks to recover in this action, as well as expenses, and for loss of time incurred in procuring the threshing to be done and in re-stacking his grain. In another count, similar allegations are made in regard to the timothy.

A motion to strike out these parts of the petition, made by defendants on the ground that they presented no matters upon which plaintiff could base his action and claim special damages, which he could not recover, was sustained, and this ruling presents the only points of the case.

The allegations as to the promise of defendants to perform their contract are immaterial and were properly so held by the Circuit Court. Plaintiff seeks to recover upon the written contract, not upon the subsequent promises; these promises added nothing to his rights upon the contract. For these reasons, they were improperly set up in the petition.

1. PLEADING: immateriality: contract.

II. The damages sustained by plaintiff on account of injury to his grain, and the labor and expense in taking care of it and the like, are too remote to be recovered in an action for the breach of the contract. The

2. DAMAGES: too remote.

defendants undertook to do the threshing within a time fixed after notice to them. The contract cannot be interpreted so that it may be inferred that damages of this kind were within the contemplation of the parties, when it was executed. The law does not hold one liable for all the consequences that may follow the breach by his contract; if it were so, his liability would be without a limit, for it would continue as far as the consequences of his act could be traced. But the law wisely limits liability to the direct and immediate effects of the breach of a contract. The losses and expenses set up in the petition are not of this character. They resulted remotely from the fact that defendants failed to thresh the grain, and are not the natural and proximate consquences of defendants' breach of the contract. Such damages are not recoverable. We have examined the cases cited by plaintiff's counsel, and are of the opinion they do not support the position that the damages claimed in the petition are the immediate and necessary result of defendants' default. In our judgment, the Circuit Court correctly held the plaintiff's petition to be bad, so far as it was assailed by the motion.

AFFIRMED.