## RIECH v. BOLCH.

1. **Pleading**: CONTRACT MADE ON SUNDAY. Recovery on a contract cannot be defeated on the ground that it was made on Sunday, and is therefore void, unless that fact is specially pleaded. Code, § 2718.

2. **Measure of Damages**: BREACH OF CONTRACT FOR SERVICE. Where one employed by a farmer for a given term abandons his employer before the end of the term, in the midst of haying, the damages sustained by the employer in the loss of hay are too remote to be recovered in an action for a violation of the contract.

3. **Practice**: OFFER TO CONFESS JUDGMENT: MENTION OF IN PRESENCE OF JURY: NEW TRIAL. Where defendant offered to confess judgment for a certain amount, but the offer was not accepted, and plaintiff's attorney referred to it on the trial in the presence of the jury, contrary to § 2900 of the Code, it was defendant's duty then to object and ask the court to discharge the jury, or for other appropriate relief. But, as he proceeded without objection to try the cause to that jury, *held* that he could not, after verdict, demand a new trial on the ground of such misconduct. ADAMS, CH. J., *dissenting*.

*Appeal from Harrison District Court.*

WEDNESDAY, APRIL 7.

.ACTION on a contract for work and labor performed by plaintiff for defendant. Plaintiff alleges that he entered into a contract with defendant, whereby he agreed to work for him by the month for the stipulated wages of $15 for the first month, and $20 for each succeeding month, and that he worked for seven months and seventeen days under said employment. Defendant denies that the terms of the agreement were as stated by plaintiff, and alleges that by the contract plaintiff agreed to work for a definite period; and, by way of counter-claim, he alleges that plaintiff violated the contract by quitting his employment before the expiration of the term for which he agreed to work, whereby he was damaged in a large amount. There was a verdict and judgment for plaintiff. Defendant appeals.

*S. H. Cochran*, for appellant.

*J. V. Evans*, for appellee.

REED, J.—I.   There was evidence tending to prove that the contract under which the plaintiff performed the labor for which he seeks to recover was entered into by the parties on a Sunday.   Defendant asked the court to instruct the jury that, if they found that the contract was entered into on Sunday, their verdict should be for defendant.   The court refused to give this instruction, and told the jury that they need not consider·that claim, or the evidence which tended to prove that the contract was entered into on Sunday.   Defendant assigned these rulings as error.   We think they are correct.   The defense which defendant sought to establish by the evidence was that the contract under which the services were rendered was illegal, and consequently void.   Our statute (Code, § 2718) requires that defenses of that character be specially pleaded. Defendant did not plead that defense in his answer.   He denied that the terms of the agreement were as alleged by plaintiff, but he made no averment as to the legality of the contract.   Under the pleadings he was clearly not entitled to have the question as to its legality submitted to the jury.

*1. PLEADING: contract made on Sunday.*

II.   The evidence shows that plaintiff quit defendant's employment during the season when he was engaged in making hay.   Defendant offered to prove, in support of his counter-claim, that when plaintiff left his service he had a large quantity of hay in the shock, and that he had a quantity of uncut hay in the field, and that he was not able to employ other help to save such hay, and that it was lost in consequence of plaintiff's refusal to continue in his services during the remainder of the term of his employment.   He also offered to prove the value of the hay at the time plaintiff quit his services.   This evidence was excluded by·the district court on the ground that

*2. MEASURE of damages: breach of contract for service.*

it did not afford the measure of plaintiff's damages for the alleged breach of the contract. We think this ruling is correct. The damages sustained by defendant in the loss of the hay are too remote to be recovered in an action for a violation of the contract. It cannot be said that the injury complained of is the natural and proximate consequence of plaintiff's breach of the contract. The case in this respect is within the rule laid down by this court in *Prosser v. Jones*, 41 Iowa, 674. See, also, *Peters v. Whitney*, 23 Barb., 24.

III. Before the cause was reached for trial, defendant served on plaintiff an offer to permit judgment to be taken 3. PRACTICE: against him in the case for a specified amount. offer to con- The offer was not accepted by plaintiff, but on the fess judg- ment: men- trial his counsel offered to introduce it in evi- tion of in pres- ence of jury: dence. One ground of defendant's motion for a new trial. dence. One ground of defendant's motion for a new trial was the misconduct of plaintiff's counsel in making this offer in the presence of the jury; and it is now insisted that the district court erred in not setting aside the verdict on this ground. It is provided by statute (Code, § 2900) that if such offer be not accepted, and notice of such acceptance be given within five days after it is made, it shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. The act complained of was clearly in violation of this provision. The court was not asked at the time, however, to take any action with reference to the matter. Cases might occur in which the act of mentioning such offer in the presence of the jury, or offering it in evidence, would be so manifestly prejudicial as that the court would be warranted in discharging the jury, and impaneling another to try the cause. It may be that the district court would have taken that course in the present case, if it had been asked to do so. Defendant, however, did not ask that such course be taken. He proceeded, without objection, after the objectionable act had been committed in the presence of the jury, to try his cause to that jury. He in effect consented that the cause might be submitted to that jury, and,

having taken that course, and made no question with reference to the matter until after the verdict was returned, we think he must now be held to have waived it entirely.

The judgment of the district court will be

AFFIRMED.

ADAMS, CH. J., *dissenting.*—I think that a new trial should have been granted on the ground of the misconduct of the plaintiff's attorney in mentioning the defendant's offer. The majority think that the defendant waived the misconduct by consenting to proceed with the trial instead of demanding a discharge of the jury. I am not able to agree with them upon that point. It seems to me that it subjects the party wronged to a great hardship to hold that he must demand a discharge of the jury, or be deemed to have waived the misconduct. He cannot know to what extent, if any, he has been prejudiced, and he may have the most substantial reasons for not wishing a postponement of a disposition of the case. On the other hand, if the rule of the majority is to prevail, it gives the plaintiff in a case like this, if he should happen for any reason to desire that the jury should be discharged, the power to compel, by his own misconduct, the defendant to demand a discharge, or submit to the trial of the case by a jury presumably disqualified to do him justice.