J. WRAGG & SON, Appellants, v. OLIVER W. MEAD, Appellee.

120	319
126	88.

**Breach of Contract:** DAMAGES. In an action for a breach of contract, such damages are recoverable as are the natural and proximate consequence of the breach or may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made.

1

**Covenant Against Incumbrances:** BREACH OF: MEASURE OF DAMAGES. In an action on a covenant against incumbrances, where the breach is an outstanding lease of the premises, the measure of damages is the rental value of the land for the unexpired term of the lease.

2

**Damages;** REMOTE AND SPECULATIVE. Where there is an outstanding lease on property conveyed with a covenant against incumbrances, the fact that the vendor knew the property was to be used by the purchaser for the storage of goods will not impose on him a liability in damages for sums paid by the

3

purchaser during the continuance of the lease in hauling his goods a considerable distance for storage, such damages being too remote and not within the contemplation of the parties.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

WEDNESDAY, MAY 13, 1903.

ACTION for damages for breach of covenants in a conveyance of real estate. Judgment for defendant, and plaintiffs appeal.—*Affirmed.*

*W. G. Harvison* for appellants.

*Dudley & Coffin* and *White & Clarke* for appellees.

WEAVER, J.—Defendant conveyed to plaintiffs by warranty deed a tract of land in the town of Waukee. Plaintiffs were then engaged in the nursery business two miles from Waukee, and allege that they bought the land to be used as a place of storage for the nursery stock shipped to them from other dealers, which stock was to be resold and shipped to their customers over the railroads passing through that town. The use to which the property was to be put, it is further alleged, was made known to defendant before the purchase was consummated. It appears, however, that prior to the conveyance defendant had leased the land for a year to one Carter, who refused to yield to plaintiffs. Defendant claims to have forgotten the fact of the lease until after the deed was made, but on the next day it is conceded he went to plaintiffs and informed them of the oversight, and tried to adjust the matter, but failed in his effort so to do. Later plaintiffs attempted to get possession of the premises, but were ejected by Carter by legal proceedings, of which defendant had notice. The only evidence offered upon the claim of damages is to the effect that, by reason of the failure

to secure possession of the land as a place of storage, plaintiffs were obliged to haul all nursery stock received by them during the season to their home nursery, two miles distant, and haul the same back again to the railroad station as shipments were required to meet the demands of their trade, and the extra expense and cost thus necessarily incurred amounted to $585. · The district court ruled that such damages were too remote to support a recovery, and sustained defendant's motion to strike the testimony. There being no other evidence of damage offered, the cause was taken from the jury, and judgment entered against plaintiffs for costs.

The correctness of this ruling of the trial court is the only question presented by the appeal. That damages which are the natural and proximate consequence of the

1. BREACH of contract: damages.
breach of a contract, or are such as may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract as the probable consequence of the breach of it, may be recovered from the party in default, is a general rule approved by a multitude of authorities. Frequent difficulty has been found, however, in the application of this principle, and the cases are sometimes in apparent conflict. In the case before us appellants rely chiefly upon the latter phase of the rule cited, insisting that, as appellee was informed of the use to which appellants proposed to put the premises, the parties must have contemplated that damages of the kind claimed would be sustained by the purchasers in the event possession could not be promptly given. The proposition is not sound. The breach of which appellants complain is the existence of an outstanding lease of the premises conveyed. The injury directly and naturally resulting from such breach is the loss of the use or possession of the premises for one year; and it follows of necessity that, generally speaking,

the measure of damages is the value of the thing lost—the value of the use of the premises for the period during which the grantees have been excluded therefrom.

It is the appellee's covenant against incumbrances which has been broken, and the law fixing the measure of damages in such cases is well settled.    See *Van Wagner v.*

**2. COVENANT against incumbrances: breach of: measure of damages.** *Van Nostrand,* 19 Iowa, 422, and *Guthrie v. Russell,* 46 Iowa, 269, and cases hereinafter cited.    In an action upon a covenant against incumbrances, where the breach alleged is an outstanding lease of the premises conveyed, the measure of damages is the rental value of the land for the unexpired term.    *Alexander v. Bishop,* 59 Iowa, 572; *Clark v. Fisher,* 54 Kan. 403 (38 Pac. Rep. 493); *Edward v. Clark,* 83 Mich. 246 (47 N. W. Rep. 112, 10 L. R. A. 659); *Fritz v. Pusey,* 31 Minn. 368 (18 N. W. Rep. 94); *Porter v. Bradley,* 7 R. I. 538; *Moreland v. Metz,* 24 W. Va. 119 (49 Am. Rep. 246); *Rickert v. Snyder,* 9 Wend. 416; *Christy v. Ogle,* 33 Ill. 295; *Wetherbee v. Bennett,* 2 Allen, 428.

Assuming then, that the general rule is as laid down in these authorities—and we find none to the contrary—does the fact of appellee's knowledge of the intended use

**3. DAMAGES: remote and speculative.** of the premises have the effect to except the case at bar from its operation?    The information given appellee was that plaintiffs intended to use the land for the storage of nursery stock.    With that fact in mind when he conveyed the land, defendant may properly be held to have contemplated that a loss of the possession for a year would be an injury or damage to appellants to the rental value of such premises for the special purpose to which it was intended to devote them, and if such sum was greater than the rental value for general or ordinary purposes he could have no right to complain.    This was the utmost extent of his liability.    But no evidence was introduced

or offered tending to show the value of the use of the land for this or any other purposes. The cost or expense of hauling the stock from the railroad station to the appellants' nursery and back again was contingent, remote, and not the natural or immediate result of the breach of appellee's covenant. So far as shown, appellants simply continued to carry on their business as they had been doing for years. It cannot be presumed that this land afforded the only convenient opportunity in or about Waukee to store and keep their stock. If instead of two miles appellant's nursery had been ten or twenty miles distant, and they saw fit to haul their stock home at an expense of $1,000 or $1,500, could it reasonably be said that the parties contemplated the possibility of such stupendous damages arising from the loss of a year's use of a small tract of land sold at a valuation of $800? Or, if the outstanding lease had proved to be for a term of five or ten years instead of one year, could appellants expect to continue this excessive expenditure and recover it again from their grantor? It would seem a self-evident proposition that such damages are neither the direct, natural, or proximate consequence of the breach of the appellee's covenant against incumbrances, and are too remote and unusual, not to say unreasonable, to have been within the contemplation of the parties to the transaction.

The appellants' claim comes within the class disapproved by this court in *Prosser v. Jones*, 41 Iowa, 674; *Miehills M. Co. v. Day*, 50 Iowa, 252; *Rich v. Bloch*, 68 Iowa, 526. See, also, *Candy v. Candy*, 10 Hun, 88; *Lovejoy v. Morrison*, 10 Minn. 136 (Gil. 108); *O'Conner v. Nolan*, 64 Ill. App. 357; *Gunter v. Beard*, 93 Ala. 227, (9 South. Rep. 389.)

It may be admitted that if appellants, on the strength of their purchase of the land, and before learning of the existence of the lease, had expended money or labor in preparing to go into possession, and such expense was ren-

dered unavailing by the refusal of the tenant to vacate, they would be in a position to demand a recovery of the special damages thus sustained. But no such case is made. The sole item of damage claimed is the alleged expense incurred in hauling the nursery stock, and for this no right of action existed.

The judgment of the district court was right, and is AFFIRMED.