(85 Misc. Rep. 368)

### MARCUS et al. v. LINER.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. MASTER AND SERVANT (§ 65*)—CONTRACTS—BREACH.

Where samples started by a designer for plaintiffs, who were manufacturers of clothing, were uncompleted and lost to them upon his breach of his contract of employment, the measure of damages for the loss of the samples was the value of the labor and materials used; it appearing that plaintiffs did other work in the meantime and that their overhead expenses would have continued in any event.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 73; Dec. Dig. § 65.*]

2. MASTER AND SERVANT (§ 65*)—BREACH OF CONTRACT OF EMPLOYMENT.

Where a designer for a manufacturer of clothing breached his contract of employment, the manufacturer, who in two weeks' time was able to find another designer at a less salary, is entitled to recover no damages; for the only damages recoverable by an employer for an employé's breach of his contract is the difference between the wages provided for and what

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the employer is compelled to pay another, and damages such as loss of garments started by the first designer, which were discarded by his successor, were not within the contemplation of the parties when entering into the contract.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 73; Dec. Dig. § 65.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Benjamin H. Marcus and another against Max Liner. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Jacob Manheim, of New York City, for appellant.

Goldstein & Goldstein, of New York City, for respondents.

PAGE, J. The plaintiffs, who were engaged in the business of manufacturing garments, entered into a written contract with the defendant, whereby he agreed to work for them for a year as a designer at a salary of $35 per week for the first six months and $40 per week for the last six months. After working one week and two days, the defendant left their employ and went to work for another manufacturer. The verdict of the jury has resolved in favor of the plaintiffs, for the purposes of this appeal, the question of fact as to whether or not the defendant abandoned his contract unlawfully, and the sole question before us relates to the measure of damages awarded to the plaintiffs.

[1] The plaintiffs were allowed at the trial to prove that during the two weeks in which the defendant was working for them their entire shop was given over to the making of samples for the spring trade, which had to be completed by December 15th to be of any use; that the defendant designed and partly completed 17 samples, which he abandoned on November 28th in an unfinished condition; and that the plaintiffs were unable to obtain the services of another designer for two weeks, and were unable to complete the samples for use as such, but sold them in the open market for $153 as a "job lot" of garments. The plaintiffs were then allowed to prove as damages practically the entire running expenses of their shop during the two weeks of defendant's employment, including the rent of the store for that period. To this was added the cost of the materials used in making the samples and the cost of finishing them after the defendant left. The total cost of the 17 samples to the plaintiffs was thus figured to be $463, from which was deducted the sum of $153, obtained by sale of the samples as a "job lot" as aforesaid, leaving damages of $310. The appellants object to this measure of damages as improper and not according to law.

I am of the opinion that the evidence allowed was improper for two reasons. In the first place, the cost of the samples was not properly measured by the entire running expenses of the business during

the time they were made including rent of the premises. The plaintiffs maintaind a regular establishment, and presumably would have been compelled to pay rent and employ some labor, whether the samples were made or not. In answer to a question of counsel, "Did you manufacture any work during that time?" one of the plaintiffs answered, "Sometimes there may have been a little order come in; we devoted the time to making samples." This shows that the entire business during the two weeks was not the making of these samples, and, provided it was proper to prove the cost of the samples, it should have been done by showing the actual labor and materials employed in their production, and nothing more.

[2] But a more serious question is raised as to the propriety of allowing the plaintiffs' alleged loss upon the samples as an element of damage for the breach of defendant's contract of employment. It is a well-established rule of law that one may recover for breach of a contract only such damages arising therefrom as may be said to have been reasonably within the contemplation of the parties in entering into the contract relationship with one another, and upon this principle it has been frequently held by the courts of this and other states that the only damages recoverable by an employer from an employé for breach of his contract of personal employment by abandonment of the employment is the difference between the wages or salary provided for in the contract and what the employer would be compelled to pay another for the performance of the work abandoned. Peters v. Whitney, 23 Barb. 24; Haskell v. Osborn, 33 App. Div. 127, 53 N. Y. Supp. 361; Prosser v. Jones, 41 Iowa, 674; Riech v. Bolch, 68 Iowa, 526, 27 N. W. 507; Cannon Coal Co. v. Taggart, 1 Colo. App. 60, 27 Pac. 238. In Peters v. Whitney, supra, the defendant was employed as a farm hand and unlawfully abandoned his work. The plaintiff was allowed by the trial court to recover damages to plaintiff's crops by reason of defendant's leaving. This was reversed upon appeal to the General Term of Monroe County, upon the ground, as stated, that:

"The legal measure of damages in such cases is the difference between the contract price with the defendant and the price the plaintiff was obliged to pay for labor to supply his place."

I am unable to find in the reported decisions a case in which any other measure of damages for breach of a contract of personal service has been allowed to an employer. It might be that in a case where the services contracted for and the personal qualifications of the employé are unique, and no substitute could readily be obtained, that a different rule would have to be adopted, based upon the peculiar facts and circumstances of the case; but it is not shown that this is such a case. It appears in the present case that the plaintiffs contracted for the services of a new designer in place of the defendant, within two weeks after he left them, at a salary of $30 per week, or $5 less than they paid the defendant. It is true that the plaintiffs claim that they could not obtain a new designer for about two weeks; but, on the other hand, it also appears that the new designer, when he came, did not use the 17 samples made by the defendant, but started new ideas

of his own. The failure to complete the 17 samples before December 15th, therefore, was not shown to be due to plaintiffs' inability to obtain a man in defendant's place, and it is not shown that they could have been completed on time, had the defendant remained in the plaintiffs' employ, nor was it proved that the samples could not have been utilized and stock for the season prepared from them. The damages proved are in my opinion too remote, and not within the contemplation of the parties to the contract. The plaintiffs proved no proper damages.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.