TRIANGLE WAIST CO., Inc., v. TODD.   (No. 7548.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

1. MASTER AND SERVANT ⬤�form65—CONTRACT OF EMPLOYMENT—ACTION FOR BREACH—INSTRUCTIONS.

An oral contract of employment existed between plaintiff employer and defendant. This contract continued until a written contract was entered into between the parties, wherein a higher compensation, equal to that offered by a competitor, was provided for. Defendant employé breached this contract, and plaintiff brought suit, wherein the court instructed that, if the jury found that the parties entered into the oral contract, it could not consider the breach of the written contract, and that plaintiff was entitled to recover the difference between the compensation of the first contract and the amount agreed to be paid by plaintiff's competitor. Held that, the oral contract being extinguished by mutual agreement when the written contract was signed, the instruction based upon the breach of the oral contract was erroneous.

[Ed. Note.—For other cases, see Master, and Servant, Cent. Dig. § 73; Dec. Dig. ⬤➔65.]

2. MASTER AND SERVANT ⬤➔6—CONTRACT OF EMPLOYMENT—DURESS—EVIDENCE.

In an action for breach of a contract of employment, evidence held not to show that the contract was signed under duress.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. ⬤➔6.]

3. CONTRACTS ⬤➔245—RESCISSION—NEW CONTRACT—VALIDITY.

Persons entering into one contract may, if they see fit, substitute another in place of it, in which case the former contract ceases to be a binding obligation on either of the parties.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1129, 1130; Dec. Dig. ⬤➔245.]

4. MASTER AND SERVANT ⬤➔65—BREACH OF CONTRACT—DAMAGES.

The measure of damages for breach of a contract for employment by an employé is the difference between the contract price and the amount which the employer has to pay to procure services elsewhere.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 73; Dec. Dig. ⬤➔65.]

⬤➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. DAMAGES ⬤⇒62—BREACH OF CONTRACT—DUTY TO REDUCE DAMAGE.

 Damages for breach of contract by an employé cannot be recovered, where the employer has made no effort to fill the employé's place, unless the services were so unique that they could not have been replaced, had an effort to do so been made.

 [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 119–131; Dec. Dig. ⬤⇒62.]

 Appeal from Trial Term, New York County.

 Action by the Triangle Waist Company, Incorporated, against Beatrice Todd. From a judgment for plaintiff, defendant appeals. Reversed, with directions.

 Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

 I. Gainsburg, of New York City, for appellant.

 Max D. Steuer, of New York City, for respondent.

 McLAUGHLIN, J. [1] Action to recover damages upon two alleged causes of action. For a first cause of action the complaint alleges the making of an oral contract by the terms of which the defendant was employed by the plaintiff for the term of one year from July 5, 1913, at a salary of $45 per week, and which contract, it is alleged, the defendant broke by leaving the plaintiff's employ on the 25th of August following. For a second cause of action the complaint alleges the making of a written contract on the 26th of August, 1913, by the terms of which the defendant was employed for the period of one year from July 5, 1913, at a salary of $100 per week, and which contract, it is alleged, the defendant broke by leaving on the day after the contract was made. The defendant denied the making of the alleged oral contract on July 5th, and alleged that the written contract of August 25th was void on the ground of duress.

 At the close of the testimony the court held that the defendant had failed to establish that the contract of August 25th was void for duress, and the case was sent to the jury to determine the damages which plaintiff had suffered by reason of the breach of the contract of July 5th, if such contract were made, and, if not made, what damages had been sustained by reason of the breach of the written contract. The jury rendered a verdict in favor of the plaintiff for $3,420, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

 [2] A very slight consideration of the facts set out in the record will demonstate that the judgment and order appealed from must be reversed. The defendant, a designer of shirt waists, first entered the employ of the plaintiff in August, 1912, at a salary of $40 per week. On the 5th of July, 1913, she threatened to terminate such employment unless her salary were raised, and as a result of negotiations between her and her employer her salary was raised to $45 per week —there being a dispute between the parties as to whether she were engaged only by the week or for a period of one year. The plaintiff's witnesses, Blanck, its president, and Harris, its secretary, tes-

tified that the defendant agreed, if her salary were raised to $45 per week, she would remain a full year. This defendant denied. After her salary was raised to $45 per week, she continued in the employ of the plaintiff until the 24th or 25th of August, 1913. On the 25th of August, 1913, she entered into a written contract with the Esskay Waist Company at a salary of $100 per week. On the morning of the 26th of August, as she was leaving her home for the purpose of going to her new position, she was met by Harris with an automobile and taken to the plaintiff's place of business. She testified that he induced her to ride with him on the pretext of taking her to the office of the Esskay Waist Company, but instead took her to the office of the plaintiff. There efforts were made to induce her to repudiate her contract with the Esskay Waist Company, and to sign a written contract with the plaintiff at the same salary she was to receive from the other company. She was shown a proposed contract, and permitted to take and discuss it with her brother at his place of business. After doing so she returned to the plaintiff's office, where she signed the contract and left. This contract was dated July 5, 1913, and by its terms the defendant was employed for a period of one year from that date at a salary of $100 per week. She deliberately broke this contract on the 27th of August. The plaintiff then endeavored to enter into another contract on substantially the same terms as the written one, except that she was to have $1,000 bonus, provided she performed all the terms of the contract on her part to be performed. This, however, she refused to execute; plaintiff not agreeing to some of the terms and conditions imposed by her.

The trial court very properly, as it seems to me, held that the defendant had utterly failed to establish the defense that the contract was signed by reason of duress or coercion practiced upon her. It was a deliberate act upon her part, and if, by her failure to perform, plaintiff suffered damage, it was entitled to a recovery against her. Notwithstanding the fact that the execution of the written contract was conceded, its breach established, and that it was clearly intended by both parties to take effect as of July 5, 1913, and, if there were an oral contract in existence, to take its place and supersede it, the court, nevertheless, charged that, if the jury found that the parties entered into the alleged oral contract of July 5th, then it could not consider the breach of the written contract, and in that event plaintiff was entitled to recover, as damages, the difference between $45 per week and the amount which the Esskay Waist Company had agreed to pay her, viz., $100 per week. This was clearly an erroneous instruction as to the law, and, an exception having been taken, necessitates a reversal of the judgment.

[3] The oral contract, assuming it was for a year, was extinguished by mutual agreement when the written contract was signed. The written was clearly intended to take the place of the oral and to be a substitute for it, and the jury should have been so instructed. Parties having entered into one contract are at liberty, if they see fit, to substitute another in place of it, and, if that be done, then the former contract ceases to be a binding obligation upon either of the parties.

It is then as though such contract had never been made. Hart v. Lauman, 29 Barb. 410; McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793; Stewart & Howell v. Keteltas, 36 N. Y. 388; Rollins v. Marsh, 128 Mass. 116; Clark on Contracts, page 611; 9 Cyc. 351.

Under the instruction given, it is urged by the respondent that the jury had a right to, and did, find that the value of defendant's services was $100 per week, plus the $1,000 bonus which plaintiff offered to give her, provided she entered into a contract with it and performed the same; in other words, according to this contention plaintiff was deprived of defendant's services for 44 weeks, August 25, 1913, to July 5, 1914, at $55 per week, $2,420, plus a bonus of $1,000, making $3,420, the amount of the verdict. Assuming this to be so, it does not establish that the plaintiff had been damaged at all. It did not pay the $100 per week during the time stated, nor did it pay the $1,000 bonus. But, as already suggested, the plaintiff was not entitled to recover for a breach of the oral contract, because that was extinguished when the written contract was entered into. Nor was the plaintiff entitled to recover other than nominal damages under the written contract, because there is absolutely no evidence in the record that it suffered any damage as the result of the defendant's refusal to perform. The plaintiff, so far as appears, could have procured another designer equally as skillful as the defendant, but it made no effort to do so.

[4, 5] The general rule or measure of damage in a case of this kind is the difference between the contract price and the amount which the employer has to pay to procure the work or services elsewhere. Sedgwick on Damages (9th Ed.) vol. 2, p. 1372; Haskell v. Osborn, 33 App. Div. 127, 53 N. Y. Supp. 361. Damages cannot be recovered where the employer has made no effort to fill the employé's place (26 Cyc. 1023), unless it appears that the services were of such a unique character that they could not have been replaced, had an effort in that direction been made. Here there is nothing to show that the services of the defendant were unique in character, or that there were not other persons available who could have filled the position equally as satisfactorily as she could, at a price not in excess of what the plaintiff had agreed to pay. Nor does the mere fact that two rival concerns were willing to pay defendant a large salary establish to the contrary. This being so, it seems to me the defendant's motion to dismiss the complaint, on the ground there was no proof of damage, should have been granted.

The judgment and order appealed from, therefore, are reversed, with costs, since, under the proof, plaintiff could only have recovered nominal damages, and judgment is therefore directed for the plaintiff for nominal damages as if a verdict for nominal damages had been directed by the trial court. Order filed. All concur.