John E. Cone, J.
Motion to vacate attachment. An attachment being of statutory origin and harsh in its nature, the statutes relating thereto must be construed 11 in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom it may he employed ”. (Emphasis supplied.) (Penoyar v. Kelsey, 150 N. Y. 77; Nomikos [London], Ltd. v. Petroutsis, 186 Misc. 710.) It is further axiomatic that while upon an attachment the court does not search the complaint as upon a motion to dismiss (Bard-Packer Co. v. Dictograph Prods. Co., 258 App. Div. 638), there must be affirmative proof submitted that the plaintiff not only has a good cause of action hut that the sum claimed is due it (emphasis supplied). Absent such affirmative proof, the drastic remedy of attachment may not be granted (Farley v. Overburg, 252 App. Div. 882; McCarthy v. Reichshank, 259 App. Div. 1016).
In the light of the foregoing, an examination of the complaint and the affidavits upon which the attachment was granted reveals that the plaintiff predicates its measure of damages on the *552 average sales consummated by the defendant in the years 1957 and 1958, allowing for a 60% decline in plaintiff’s shipments generally for the year 1959 and multiplied by an alleged 23%% average profit on sales, plus the additional cost of replacement of the defendant, making a total of $22,522.24. Allowing the defendant’s counterclaim, the property subject to attachment by the plaintiff totals $17,752.57.
The measure of damages for an alleged wrongful desertion or refusal to render the agreed service is, as a general rule, the difference between the agreed price and what the employer is required to pay to obtain the rendition of the service by another person. One is not permitted to recover a loss of profits in such a situation (Haskell v. Osborn, 33 App. Div. 127; Peters v. Whitney, 23 Barb. 24; Marcus v. Miner, 85 Misc. 368).
Nor has there been a showing that the services of the defendant were of such a unique character that there were no other persons available for replacement. In fact, the contrary has been shown by the replacement of the defendant by another salesman (Triangle Waist Co. v. Todd, 168 App. Div. 693; Marcus v. Miner, supra).
Under the circumstances, as the replacement cost of the other salesman was $1,500 and the known counterclaim of the defendant exceeded such sum, plaintiff is not entitled to such an attachment.
In any event and assuming, under the facts presented herein, the general rule of damages as expressed is not applicable, but that plaintiff was entitled to lost profits, the papers as submitted do not warrant the granting of such attachment. It is clearly established by plaintiff’s exhibits that the defendant’s sales for 1958 had dropped considerably from those of 1957, and that there had been an over-all drop of 60% generally in the year 1959. Whether the sale of $100,000 of novelty dolls in 1959 can be so lightly eliminated by the plaintiff from the West Coast sales or should be part of the sales cannot be determined upon affidavits. If they are made part of the computation, then clearly the plaintiff would not be entitled to an attachment. As the court stated in Prentiss v. Greene (193 App. Div. 672): “ A warrant of attachment is not a common law right but is a statutory provisional remedy and authorizes the taking of property before judgment, and where, as here, it is sought upon an unliquidated claim, it must clearly appear by prima facie evidence at least that plaintiff is entitled to recover the amount of damages which he demands ” (see, also, Sicklick v. Schausseur, 221 App. Div. 742; Corcoran & Kostelanitz v. Dupuy, 6 A D 2d 776).
*553 The mere uncorroborated statement by the plaintiff that it realizes a 23%% profit on the sale is not sufficient for the purposes of an attachment. Mere allegations of profits without any facts in support thereof or the basis on which it is derived are merely conclusions and insufficient to show reasonable worth of plaintiff’s loss of alleged profits (Georgis v. Giocalas, 225 App. Div. 577, and cases cited therein).
What the sales would have been if the defendant had continued in plaintiff’s employ and the measure of profits is conjectural and speculative and cannot be estimated with such sufficient certainty as to warrant the attachment. The court, however, does not express an opinion as to whether the plaintiff may be entitled to have a jury award substantial damages and it well may be that plaintiff will recover such sum, but for the purposes of an attachment it is the court’s view that it has not presented evidence of damages of sufficient certainty and definiteness to entitled it to the warrant of attachment (Georgis v. Giocalas, supra).
Accordingly, the motion to vacate is granted.
Motion to vacate or modify defendant’s demand for a bill of particulars disposed of as follows:
The court wishes to state that the information set forth in the affidavits used in support of the application for the attachment is not a substitute for a bill of particulars or its function to limit the issues, etc., and the defendant is entitled to such details if proper in scope. Granted as to item 13; items 7 and 10 allowed as proper; items 4, 5 and 6 allowed except plaintiff may furnish approximate dates; item 1 modified by deleting the words “ the method of communication used ” and as modified, allowed; item 2 modified by deleting the words ‘ ‘ who acted on behalf of each party. ” “ State full particulars of the consideration paid by the assignee to the assignor, including the amount, method and date of payment.” Where dates are required and are not available, approximate dates may be given. As modified, the item is allowed. Item 3 modified by deleting the words ‘1 or any other creditor of the seller. ’ ’ Plaintiff may furnish approximate dates if specific dates are not available. As modified, allowed. Item 9 modified by deleting the words commencing with “ state ” and ending with “ the dates and places where made.” “ Set forth the particulars of each said failures and refusal by defendant to sell plaintiff’s doll lines.” Where dates are requested, approximate dates are to be given. As modified, allowed. As to item 11, the plaintiff is not seeking general damages, but apparently such damages are based upon loss of profits, etc. Under the circumstances, the defendant is entitled to the *554 particulars sought, in the item as modified, by deleting the words “ and the person to whom paid ” and “ 1956, 1957, I960,” and as modified, allowed. Item 12 modified by deleting the years “ 1956, 1957.” “ And showing orders from National Chain Stores with offices outside the territory separately.” And as modified, allowed.
Motion to vacate or modify notice of examination before trial of the plaintiff disposed of as follows: That portion of the
notice seeking the production of the books, etc., modified by deleting the name “Valentin Dolls, Inc.” and substituting in place thereof the name ‘ ‘ Lepul, Inc. ’ ’ By deleting the year “ 1956 ” relating to the financial statements and substituting in its place thereof “ 1958.” In all other respects, the motion is denied.
Examination to take place at Special Term, Part II of this court.
Motion to vacate notice of examination before trial of witnesses granted.
An examination pursuant to rule 121-a of the Rules of Civil Practice may only be had of a party to the action, agent or employee of such party and cannot be had of a witness (Wax v. Sacks, 280 App. Div. 900; Lipin v. Salkin, 11 Misc 2d 877). An examination of a witness pursuant to section 290 of the Civil Practice Act may only be held if special circumstances exist as provided by section 288 of the Civil Practice Act (Kagan v. Gair, 14 Misc 2d 538) and is subject to the jurisdiction of the court. As the witnesses are all residents of the State of California and are not available in this State at the present time, they cannot be compelled to attend pursuant to such notice.
Cross motion to take testimony by written interrogatories of the witnesses in the State of California granted. Interrogatories to be settled in accordance with rules 126-132, inclusive, of the Rules of Civil Practice. The cost of such interrogatories to be borne by the defendant.