JAMES HAPPELL et al., as Members of Local 1, United Telephone Organization, Suing on Behalf of Themselves and All Other Members of Local 1, United Telephone Organization, Similarly Situated, Plaintiffs, v. WILLIAM GENOESE, Individually and as Secretary-Treasurer of Local 1, United Telephone Organization, et al., Defendants.

Supreme Court, Special Term, Queens County, June 21, 1962.

*Cooper, Ostrin, De Varco & Ackerman* for plaintiffs. *Mayer, Weiner & Mayer* for defendants.

GEORGE P. STIER, J. Plaintiffs move to vacate a notice to examine before trial one Morton Bahr '' as an agent and employee of the plaintiffs and, or, as a hostile witness ''. Defendants cross-move to add the Communications Workers of America as a party to this proceeding.

The plaintiffs, in support of their motion, contend that Morton Bahr is not a party nor is he an agent or employee of a party within the meaning of section 288 of the Civil Practice Act or rule 121-a of the Rules of Civil Practice. Furthermore, if the notice seeks to examine Morton Bahr as a witness, it is deficient since it does not set forth the matters upon which he is to be examined.

The defendants, in opposition, contend that Morton Bahr has been a representative of the plaintiffs in this litigation and, therefore, an agent or employee of the plaintiffs so as to warrant his examination but, in any event, because of his relationship in connection with this litigation to the plaintiffs, it is apparent that he will be hostile and, thus, there has been a sufficient showing of special circumstances to warrant his examination.

Although Morton Bahr has been acting for the plaintiffs in connection with this litigation, he was not an agent or employee of the agents when their claim arose. Therefore, the court is of the opinion that he may not be examined as a party. (See *Glass* v. *Cracovaner*, 283 App. Div. 779.) Thus, if Morton Bahr is to be examined it must be as a witness. Section 290 of the Civil Practice Act permits the examination of a witness by notice. However, upon a motion to vacate the notice, the party desiring the examination must show special circumstances. (*Kagan* v. *Gair*, 14 Misc 2d 538; see *Redfield* v. *National Petroleum Corp.*, 211 App. Div. 152; *Valentine Dolls* v. *McMillan*, 25 Misc 2d 551, 554.)

Inasmuch as Morton Bahr is working closely as a representative with the plaintiffs in the instant litigation, the court is of the opinion that he will probably be hostile to the defendants and, therefore, there are sufficient special circumstances warranting his examination. (See *President & Directors of the Manhattan Co.* v. *Rom,* 176 Misc. 200, affd. 261 App. Div. 841.)

Finally, the court is of the opinion that commensurate with the more liberal attitude with respect to examinations before trial, the statement that a witness is to be examined with respect to the relevant and material allegations of fact put in issue by the pleadings is sufficient to comply with subdivision 4 of section 290 of the Civil Practice Act which requires that a notice to examine a witness must contain " [t]he matters upon which such person or persons are to be examined."

Accordingly, the motion to vacate the notice to examine Morton Bahr as a witness is in all respects denied. The examination will be held in this court at the Clerk's office of Special Term on the fifth floor at a date and time to be fixed in the order to be entered hereon.

In support of the cross motion, the defendants argue that the Communications Workers of America is the real party in interest in this litigation since it is the prime mover and chief beneficiary and, furthermore, for the defendants to establish their affirmative defenses, they will be required to establish the role played by the Communications Workers of America in these proceedings; that this proof must be elicited from officials of the Communications Workers of America. Therefore, Communications Workers of America is a conditionally necessary party, if not an indispensable party.

In opposition to the cross motion, the plaintiffs contend that a complete determination of the material issues herein may be accorded to the parties without the necessity of adding Communications Workers of America as a party since the instant action is concerned with the right of the members of the defendant union to compel a referendum to determine whether the members of the local union are in favor of dissolving. Thus, this action merely involves issues concerning the internal affairs of the defendant local union. Consequently, Communications Workers of America is neither an indispensable nor a conditionally necessary party.

A real party in interest is the person who holds either the legal or equitable title to the claim which bottoms an action. (2 Carmody-Wait, New York Practice, ch. 19, § 11, p. 533.) An indispensable party is one whose presence is absolutely necessary in order for the court to render a final judgment. (2 Car-

mody-Wait, *supra*, § 45, p. 577.) A conditionally necessary party is one who should be joined if complete relief is to be given to those already parties. (2 Carmody-Wait, *supra*, § 48, p. 580.) A proper party is one whose joinder is permissive but whose absence will not prevent the entry of a binding judgment. (2 Carmody-Wait, *supra*, § 31, p. 554.) Thus, the court may, upon a motion pursuant to rule 102 of the Rules of Civil Practice, add indispensable, conditionally necessary or proper parties. (2 Carmody-Wait, *supra*, § 50, p. 581.)

In the case at bar, the defendants' main contention is that the Communications Workers of America is the real party in interest in this action and, therefore, must be added in order to enable them to obtain complete relief. The court is of the opinion that the Communications Workers of America is not the real party in interest since it is the holder of neither the legal nor equitable title to the claim which bottoms this action, to wit, the right of the members of the defendant local to attempt to compel a referendum of the membership and clearly, the absence of the Communications Workers of America will not affect the ultimate relief to which the present parties may be entitled. Therefore, Communications Workers of America is not a proper, conditionally necessary or indispensable party.

Accordingly, the cross motion is in all respects denied.