**KAYSER–ROTH CORPORATION,**
**Plaintiff,**

v.

**Sol BERGER, Defendant.**

**No. 72 Civ. 1517 (HFW).**

United States District Court,
S. D. New York.

Sept. 29, 1976.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, by George P. Felleman, Dean B. Allison, New York City, of counsel, for plaintiff.

Proskauer Rose Goetz & Mendelsohn, New York City, by David I. Goldblatt, New York City, of counsel, for defendant.

## MEMORANDUM DECISION

WERKER, District Judge.

This is a motion by plaintiff Kayser-Roth Corporation ("KR") for an order of attachment pursuant to New York CPLR § 6201 (McKinney Supp.1976) and Rule 64 of the Federal Rules of Civil Procedure.

The complaint in this action sets forth the following claims. Plaintiff alleges that the defendant Sol Berger fraudulently concealed potential tax liabilities of Colonial Corporation of America ("Colonial") in connection with the acquisition of Colonial by KR in violation of section 17(a) of the 1933 Securities Act and of section 10 and rule 10b–5 of the 1934 Securities Exchange Act. The complaint also states causes of action based on common law fraud and breach of warranties made to KR. In April of 1966, KR purchased the controlling stock interest of Colonial from Berger and other persons and entities affiliated with Berger who at the time was chief executive officer of Colonial as well as the principal stockholder (along with his family) of the company. Colonial was concurrently merged into KR. Plaintiff claims as a result of the fraud perpetrated by Berger that the stock of Colonial which it purchased for $37 million in the form of KR stock and notes was $7–12 million in excess of its actual value. Punitive damages are sought under the common law fraud count. In 1971, Berger was convicted after trial of income tax fraud arising out of statements contained in the corporate returns of Colonial which were submitted for the years 1962, 1963, and 1964. In the meantime the Internal Revenue Service has audited the returns of Colonial and its subsidiaries and affiliates for the period from 1960 to the merger date in 1966. As a result, tax deficiencies have been proposed against KR, the successor in interest to Colonial.

As part of the 1966 transaction, in partial payment for the Colonial stock, KR agreed to issue subordinated notes to Berger and his affiliates in the principal amount of $9,709,820.48 at 5⅝%. Principal payments are payable annually and accrued interest is payable in semi-annual installments beginning in 1972 through 1980. The sum plaintiff seeks to attach is the outstanding amount still payable specifically to Berger. The balance of the notes and the interest thereon still due Berger is a sum of $3.344 million. Unavailable to KR is the self-help remedy of refusing further payments to Berger since other of its outstanding debt instruments contain cross-default provisions which would permit the acceleration of the maturity date of those instruments and possibly that of similar instruments issued by Gulf & Western Industries as well which in October 1975 acquired KR.

CPLR 6201 provides in pertinent part as follows:

"An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:

. . . . .

5. the defendant, in an action upon a contract, express or implied, has been

guilty of a fraud in contracting or incurring the liability;   or

.        .        .        .        .

8.   there is a cause of action to recover damages for the conversion of personal property, or for fraud or deceit.

CPLR § 6201 (McKinney Supp.1976). Plaintiff has made a sufficient showing of fraud to warrant the issuance of the order requested. *Swiss Bank Corp. v. Eatessami,* 26 A.D.2d 287, 273 N.Y.S.2d 935, 936–39 (1st Dept. 1966); *Valentine Dolls, Inc. v. McMillan,* 25 Misc.2d 551, 202 N.Y.S.2d 620 (Kings Co. 1960); *Waterman-Bic Pen Corp. v. L. E. Waterman Pen Co. Ltd.,* 8 A.D.2d 378, 187 N.Y.S.2d 872 (1st Dept. 1959).   The fact that Berger's conviction serves as the basis for plaintiff's claim of fraud and the inference which may be drawn from the fact that Berger was the chief executive officer and principal stockholder of Colonial would indicate that plaintiff has made a sufficient evidentiary showing that Berger was aware of the understatement of Colonial's tax and of the failure to reveal its potential future tax liabilities.   Although it is not necessary for plaintiff to make such a showing in order to obtain the relief requested, plaintiff has indicated that there is a lack of evidence of other assets from which plaintiff could satisfy its judgment and that plaintiff therefore is warranted in seeking the security it desires.   Plaintiff has moreover asserted the fact that the defendant has the means to transfer assets to other names or other jurisdictions and that he has in the past kept assets in the names of others.

Plaintiff's potential recovery is larger than the sum of money which it seeks to attach, and the damages claimed here are neither speculative nor baseless.   Contrary to the defendant's assertions in this regard, plaintiff has not abandoned the theory that it may recover the difference in value between the price it paid for the securities purchased and their actual value at the time.   Plainly set forth in the complaint is the allegation that plaintiff paid a higher price for the purchase of Colonial than it would have had Colonial's tax liabilities

been disclosed.   The responses contained in plaintiff's Further Supplementary Answers to Interrogatories propounded by defendant which contain the statement that "[p]laintiff seeks to recover no items of damage other than those described above   . . ." and which subsequently refers only to potential tax liability did not restrict plaintiff to damages based solely on the deficiency assessment proceedings.   A preceding stipulation dated April 30, 1974 entered into between the parties indicates that previous responses by plaintiff to interrogatories which related to the difference in value theory were not being withdrawn and further indicates that through Supplementary Responses to Interrogatories the defendant was seeking further information only with regard to plaintiff's claim of damages based on the tax liability to be assessed against KR.   That defendant's claim that punitive damages may not be calculated in the assessment of plaintiff's damages because not available under rule 10b–5 is based on a misunderstanding of the record, as plaintiff argues, will be seen by a reading of the complaint which indicates that such damages were sought under the common-law fraud count and not under the 10b–5 cause of action.

The fact that there is a reasonable basis for the damages sought here distinguishes this case from those cases cited for the proposition that attachment is unavailable where damages are too speculative.   In *Valentine Dolls, Inc. v. McMillan, supra,* for example, the court hypothesized in an action for the refusal to render agreed services that even if the plaintiff were entitled to lost profits (which the court indicated it was not), then the plaintiff would be unable to obtain an attachment since the basis for the damages urged by plaintiff, an uncorroborated statement as to the percentage of profit plaintiff generally realized and plaintiff's estimate of the amount of future sales, would have been conjectural.   Here, however, the figures relied upon by plaintiff for the amount of damages incurred by reason of the fraudulent concealment are based on the specific amount of taxes the

IRS has stated Colonial should have paid. This sum would affect the after-tax earnings of Colonial, which would in turn affect the price/earnings ratio, the figure upon which plaintiff relied in determining the price it would pay for the Colonial stock. Similarly, this case differs from *Gitlin v. Stone*, 262 F.Supp. 500 (S.D.N.Y.1967), in which damages were again a matter of speculation as they were based in part on an estimate by the plaintiff of the value of his own services.

The extensive discussion by both parties with regard to the real sum of money which KR will ultimately be compelled to pay the IRS in deficiencies and penalties is irrelevant as far as an estimate of damages is concerned since the difference in value theory of damages safely puts the plaintiff in the position of seeking an attachment in an amount less than that it reasonably seeks to recover.

The motion for an order of attachment is granted.

SUBMIT ORDER ON NOTICE.